LOCKABY v WAYNE COUNTY

Docket No. 57614. Argued January 3, 1978 (Calendar No. 4).—Decided March 5, 1979.

James H. Lockaby brought an action for injuries he allegedly suffered while in the custody of the Wayne County Sheriff's Department in jail and during transportation to and treatment at Detroit General Hospital. The defendants, Wayne County, Wayne County Sheriff, Administrator of the Wayne County Jail, City of Detroit, and Detroit General Hospital, were all granted summary or accelerated judgments by the Wayne Circuit Court, George E. Bowles, J., on the ground of governmental immunity. The Court of Appeals, Danhof, P.J., and Quinn, J. (N. J. Kaufman, J., dissenting in part), affirmed (Docket No. 20075). Plaintiff appeals. *Held:*

The complaint is in five counts. Counts I, III, IV, and V,

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Hospitals and Asylums § 22.

[1, 5, 6, 12, 13, 18] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 2, 86.

[1, 12, 13, 17-19] 60 Am Jur 2d, Penal and Correctional Institutions §§ 17, 19, 27.

Civil liability of sheriff or other officers charged with keeping jail or prison for death or injury of prisoner. 14 ALR2d 353.

Immunity from liability for damages in tort of state or government unit or agency in operating hospital. 25 ALR2d 203.

[3, 4, 14] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 62.

[4, 14] 60 Am Jur 2d, Penal and Correctional Institutions § 27.

[6] 60 Am Jur 2d, Penal and Correctional Institutions § 19.

[7, 11, 20] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 79.

[8, 9, 11, 20] 60 Am Jur 2d, Penal and Correctional Institutions § 17.

Civil liability of sheriff or other officers charged with keeping jail or prison for death or injury of prisoner. 14 ALR2d 353.

[10] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 24, 88, 97.

[11] 60 Am Jur 2d, Penal and Correctional Institutions § 24.

[13, 14] 60 Am Jur 2d, Penal and Correctional Institutions § 52.

[15] 74 Am Jur 2d, Torts § 1.

[16] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 77, 78.

alleging respectively i) intentional infliction of injury, iii) a dangerous or defective condition in a public building, iv) negligent operation of a motor vehicle belonging to the county, and v) negligence and failure to provide safe and adequate facilities on the part of the city and its hospital, state claims against at least some of the defendants in each count, and are reinstated.

Count II, alleging negligence in supervision of the plaintiff and in selection of the personnel of the jail, is barred by governmental immunity.

Justice Levin, joined by Justices Kavanagh and Fitzgerald, wrote:

1. The operation of a general hospital is not a governmental function, and a city which owns and operates a general hospital may not claim governmental immunity from liability for negligence in treating a patient (Count V).

2. The complaint states a claim against Wayne County. The public buildings exception to the governmental tort liability act, which the plaintiff raises in his claim against Wayne County (Count III), was intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places. The question whether a building, in this case a jail cell, is dangerous or defective is to be determined in the light of the uses or activities for which it is specifically assigned, in this case a cell for mental cases.

3. The plaintiff's claim that the county failed to use due care in transporting him to the hospital in a motor vehicle (Count IV) states a claim for negligent operation of a motor vehicle within that exception to the governmental tort liability act.

4. While the county is constitutionally immune from liability for the sheriff's acts, that immunity does not extend to the acts of others in its employ, and intentional torts are not in the exercise or discharge of a governmental function. The claim against the county for intentional torts of its agents (Count I) is remanded for further proceedings.

5. Although the sheriff may not be held liable for misconduct in office of any deputy sheriff, he is responsible for his own personal acts of negligence and may be responsible under the doctrine of *respondeat superior* for the tortious acts of employees who are not deputies (Count II).

6. The jail administrator has no statutory immunity, and is responsible for his own personal acts of negligence (Count II).

7. While the governmental tort liability act does not provide any immunity to governmental officials, the common law has

recognized that governmental officials have a limited immunity. Decision on whether there is immunity should be deferred until the cause is tried (Counts I-IV).

Chief Justice Coleman, joined by Justice Ryan, concurred in part in a separate opinion:

1. The allegations in Count I that the plaintiff was "assaulted, intentionally mishandled, mistreated and physically abused" by agents of the defendants using excessive and unnecessary force state a claim in avoidance of governmental immunity. Liberally construed and viewed in the light most favorable to the plaintiff, they plead a case of intentionally tortious acts committed by agents of the defendants, which are thus potentially not within the exercise or discharge of a governmental function. She further agreed with Justice Williams and would reinstate Count I of the amended complaint.

2. The allegations in Count II which involve claims of ordinary negligence do not state a claim in avoidance of governmental immunity. The operation and maintenance of a jail is a governmental function. Thus, the county is immune. In addition, the county's officers and employees, while acting in the scope of their employment operating and maintaining a jail, are likewise immune. No cause of action against defendants is stated in Count II of the complaint.

3. Count III of the plaintiff's amended complaint, which is entitled "Maintenance of a Dangerous and/or Defective Condition in a Public Building", makes allegations concerning failure to provide adequate psychiatric care and supervision and medical care for prisoners in the Wayne County Jail which clearly sound in ordinary negligence and therefore do not state a claim in avoidance of governmental immunity. Although this count mentions "padded cells", it sounds in nothing more than ordinary negligence. The fact that agents of the defendants may have negligently placed the plaintiff in a cell which was not designed or equipped to handle persons with severe psychiatric disturbances does not make the cell itself defective or dangerous. A building or a jail cell is to be used in accordance with the purpose for which it was designed and constructed; failure to do that may amount to negligence on the part of the user, but does not constitute the building defective.

4. Count IV alleges a cause of action and should be reinstated.

5. Count V of the plaintiff's amended complaint against the City of Detroit and Detroit General Hospital must be reinstated as the result of the recent decision in which it was held that a

city which owns and operates a general hospital may not claim governmental immunity.

Counts I, IV, and V of the amended complaint should be reinstated and remanded for trial. The remaining counts should be dismissed.

Justice Williams concurred as to Count III, the public building exception, and Count IV, the motor vehicle exception. He wrote separately:

1. The portion of the complaint in this case alleging that the city and its hospital were negligent (Count V) should be reinstated because four justices have, in another case, agreed in the result that a city which owns and operates a general hospital may not claim governmental immunity.

2. The plaintiff's allegation of "intentional" infliction of injury (Count I) should also be reinstated because, while it was not well pleaded, *ultra vires* conduct of public employees may be possibly proven within the inartful language of the complaint. Justice Williams would not read case law as authority for the broad proposition that intended conduct which harms another is never protected by governmental immunity. A tort is a civil wrong and conduct which is wrong within one setting can be permissible within another. It is the *ultra vires* activity of public employees, conduct which is outside the scope of the exercise and discharge of a governmental function, which is not protected by the doctrine of governmental immunity. He therefore agreed in the conclusion that Count I of the complaint was erroneously dismissed.

3. The allegation in the complaint (Count II) that negligent conduct occurred within the jail, however, should not be reinstated. Maintaining a jail is a governmental function and negligent discharge of a governmental function is not excepted from governmental immunity.

Justice Moody concurred in part in a separate opinion:

1. The complaint states a claim upon which relief may be granted against the City of Detroit and Detroit General Hospital (Count V).

2. A claim is also stated in avoidance of governmental immunity where the plaintiff asserts that employees of a governmental agency negligently operated a government-owned motor vehicle (Count IV). Whether the facts, once developed at trial, will demonstrate negligent operation of the motor vehicle must be left to the proceedings upon remand.

3. The complaint also states a claim against Wayne County

under the public building exception to the governmental tort liability act (Count III).

4. The operation of a county jail is essentially a governmental function. The county is, therefore, immune under the governmental tort liability act from a claim that negligent conduct occurred in the operation of the jail (Count II). In addition, the officers and employees of the county, while acting within the scope of their employment maintaining a jail, primarily are performing essential public duties. Thus, they are immune from liability for their alleged negligent actions or selection of personnel.

5. The plaintiff has properly pled a cause of action for intentional infliction of injury by unknown officers against the defendant Wayne County (Count I). However, no intentional acts were alleged to have been committed or condoned by the sheriff or the jail administrator.

Counts I, III, IV, and V of the amended complaint should be reinstated and the matter remanded for trial.

Reversed and remanded for trial.

63 Mich App 177; 234 NW2d 444 (1975) reversed.

### DECISION OF THE COURT

1. COUNTIES — SHERIFFS — JAILS — MUNICIPAL CORPORATIONS — HOSPITALS — GOVERNMENTAL IMMUNITY.

A complaint by a person who had been held in custody in the Wayne County Jail and taken to the Detroit General Hospital against the county, its sheriff, the administrator of the jail, the City of Detroit and the city's general hospital which alleged 1) intentional infliction of injury, 2) a dangerous or defective condition in a public building, 3) negligent operation of a motor vehicle belonging to the county, and 4) negligence and failure to provide safe and adequate facilities on the part of the city and its hospital, states claims against at least some of the defendants is not barred by governmental immunity; however, an allegation of negligence in supervision of the plaintiff and in selection of the personnel of the jail is barred by governmental immunity (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

### OPINION BY LEVIN, J.

2. MUNICIPAL CORPORATIONS — HOSPITALS — TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The operation of a general hospital by a city is not a governmental function; therefore a city which owns and operates a gen-

eral hospital may not claim governmental immunity from liability for negligence in treating a patient at its general hospital (MCL 691.1407; MSA 3.996[107]).

3. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC BUILD- INGS.

The Legislature, in providing the public buildings exception to the governmental tort liability act, intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain safe public places (MCL 691.1406; MSA 3.996[106]).

4. COUNTIES — JAILS — TORTS — GOVERNMENTAL IMMUNITY — PUB- LIC BUILDINGS.

Whether a jail cell is dangerous or defective so that the county may be found liable under the public buildings exception to the governmental tort liability act is to be determined in the light of the uses or activities for which it is specifically assigned, for example as a cell for mental cases (MCL 691.1406; MSA 3.996[106]).

5. COUNTIES — TORTS — GOVERNMENTAL IMMUNITY — MOTOR VEHI- CLES.

A claim that a county failed to use due care when transporting an inmate from the county jail to a hospital in a motor vehicle states a claim for negligent operation of a motor vehicle within that exception to the governmental tort liability act (MCL 691.1405; MSA 3.996[105]).

6. COUNTIES — SHERIFFS — AGENTS — TORTS — LIABILITY.

*A county is constitutionally immune from liability for "acts" of the sheriff, but that constitutional immunity does not extend to the acts of others in its employ (Const 1963, art 7, § 6).*

7. STATES — TORTS — INTENTIONAL TORTS — GOVERNMENTAL IMMU- NITY.

*An intentional tort is not in the exercise or discharge of a governmental function within the meaning of the governmen- tal tort liability act (MCL 691.1407; MSA 3.996[107]).*

8. SHERIFFS AND CONSTABLES — TORTS — GOVERNMENTAL IMMUNITY — RESPONDEAT SUPERIOR.

*A sheriff may not be held liable for misconduct in office of any deputy sheriff; however, the sheriff is liable for his own per- sonal acts of negligence and may be responsible under the doctrine of respondeat superior for the tortious acts of em- ployees who are not deputies (MCL 51.70; MSA 5.863).*

9. COUNTIES — JAIL ADMINISTRATOR — TORTS — LIABILITY.

A county jail administrator has no statutory immunity from liability for torts, and is responsible for his own personal acts of negligence.

10. STATES — GOVERNMENTAL OFFICIALS — TORTS — IMMUNITY — COMMON LAW.

The governmental tort liability act does not provide any immunity to governmental officials; however the common law has recognized that governmental officials have a limited immunity from liability for torts (MCL 691.1401 et seq.; MSA 3.996[101] et seq.).

OPINION CONCURRING IN PART AND DISSENTING IN PART BY COLEMAN, C.J.

See headnotes 2, 5, 15, 16, 19.

11. COUNTIES — SHERIFFS — AGENTS — TORTS — INTENTIONAL TORTS — GOVERNMENTAL IMMUNITY.

The allegations that a plaintiff was "assaulted, intentionally mishandled, mistreated and physically abused" by agents of governmental defendants, a county, its sheriff and others, using excessive and unnecessary force state a claim in avoidance of governmental immunity; liberally construed and viewed in the light most favorable to the plaintiff, they plead a possible case of intentionally tortious acts committed by agents of the defendants, which are thus potentially not within the exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).

12. COUNTIES — SHERIFFS — JAILS — NEGLIGENCE — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The operation and maintenance of a jail is a governmental function; thus, a county is immune from allegations of ordinary negligence in the care and custody of persons imprisoned in jail in that they do not state a claim in avoidance of governmental immunity (MCL 691.1407; MSA 3.996[107]).

13. COUNTIES — SHERIFFS — JAILS — NEGLIGENCE — GOVERNMENTAL IMMUNITY.

Allegations concerning failure of a defendant county and its sheriff to provide adequate psychiatric care and supervision and medical care for prisoners in the Wayne County jail clearly sound in ordinary negligence and therefore do not state a claim

in avoidance of governmental immunity (MCL 691.1407; MSA 3.996[107]).

14. COUNTIES — SHERIFFS — JAILS — NEGLIGENCE — GOVERNMENTAL IMMUNITY — DEFECTIVE BUILDINGS.

The fact that agents of a defendant county and its sheriff may have negligently placed a plaintiff in a cell which was not designed or equipped to handle persons with severe psychiatric disturbances does not make the cell itself defective or dangerous; a building or a jail cell is to be used in accordance with the purpose for which it was designed and constructed, and failure to do that may amount to negligence on the part of the user, but does not constitute the building defective (MCL 691.1406; MSA 3.996[106]).

OPINION CONCURRING IN PART AND DISSENTING IN PART BY WILLIAMS, J.

See headnotes 2-5.

15. TORTS — INTENTIONAL TORTS.

A tort is a civil wrong, and conduct which is wrong within one setting can be permissible within another; for example, a police officer may not intentionally strike a citizen peacefully walking down the street, but his duty may require the police officer to intentionally strike another citizen to prevent him from murdering a third person.

16. STATES — TORTS — GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — ULTRA VIRES ACTIVITIES.

It is the ultra vires activity of public employees, conduct which is outside the scope of the exercise and discharge of a governmental function, which is not protected by the doctrine of governmental immunity (MCL 691.1407; MSA 3.996[107]).

17. COUNTIES — SHERIFFS — JAILS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

Maintaining a jail is a governmental function and negligent discharge of that governmental function is not excepted from governmental immunity (MCL 691.1407; MSA 3.996[107]).

OPINION CONCURRING IN PART AND DISSENTING IN PART BY BLAIR MOODY, JR., J.

See headnotes 2-5.

18. COUNTIES — SHERIFFS — JAILS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The operation of a county jail is essentially a governmental function; the county is, therefore, immune under the governmental tort liability act from a claim that negligent conduct occurred in the operation of the jail (MCL 691.1407; MSA 3.996[107]).

19. COUNTIES — SHERIFFS — PUBLIC EMPLOYEES — NEGLIGENCE — IMMUNITY.

*The officers and employees of a county, while acting within the scope of their employment maintaining a jail, primarily are performing essential public duties; thus, they are immune from liability for their alleged negligent actions in the care and custody of persons imprisoned in the jail or selection of personnel (MCL 691.1407; MSA 3.996[107]).*

20. COUNTIES — SHERIFFS — AGENTS — INTENTIONAL TORTS.

*A complaint which properly pleads a cause of action for intentional infliction of injury by unknown officers of the sheriff's department against the defendant Wayne County does not state a cause of action against the defendant sheriff or the jail administrator where no intentional acts were alleged to have been committed or condoned by the sheriff or the jail administrator.*

*Goodman, Eden, Millender & Bedrosian* for plaintiff.

*Aloysius J. Suchy,* Corporation Counsel, and *David J. Curran,* Assistant Corporation Counsel, for defendants Wayne County, Wayne County Sheriff, and Administrator of the Wayne County Jail.

*Kitch & Suhrheinrich, P.C.* (by *Gregory G. Drutchas),* for defendants City of Detroit and Detroit General Hospital.

Amicus Curiae:

*Mogill, Bush, Posner & Weiss* (by *Neal Bush* and *John Royal*) for Team for Justice.

LEVIN, J. James H. Lockaby's personal injury action was dismissed by the trial court on the ground that the defendant governmental agencies and officers are immune from liability. The Court of Appeals affirmed. Our reversal and remand for trial is based on our recent decisions.

## I

Lockaby commenced this action against Wayne County, its sheriff, its jail administrator, the City of Detroit, and Detroit General Hospital. He alleged that he was an inmate in the jail and was transferred to the hospital and that at one location or the other, while under the care and custody of the defendants, and due to their negligence and other wrongful conduct, he suffered injuries which caused a lesion to his spinal cord, resulting in total paralysis of his body.[1]

The trial judge dismissed the action, except as to the liability of the sheriff and his deputies for their personal acts. The city and hospital were held to be immune under the governmental tort liability act.[2] The county was relieved of liability on the ground that the Constitution provides that a "county shall never be responsible for [the sheriff's] acts".[3] The sheriff was relieved of responsibil-

---

[1] It appears from the depositions that Lockaby was found walking on an inter-state highway, was arrested by the State Police, and taken to the Wayne County Jail. He was evaluated as "mental" and placed in Ward 612, an area designated for such individuals. In the cell, Lockaby "knocked himself unconscious" by striking his head against the cell wall. He was then transported to Detroit General Hospital. When released from the hospital he was a quadriplegic.

[2] MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.*

[3] "The sheriff may be required by law to renew his security periodically and in default of giving such security, his office shall be vacant.

ity for acts of his subordinates on the basis of a statute providing that "[n]o sheriff shall be responsible for the acts, defaults and misconduct in office of any deputy sheriff".[4]

Lockaby then filed a five-count amended complaint.

Count I, captioned "intentional infliction of injury", alleges that while in the custody of the county and sheriff Lockaby was "assaulted, intentionally mishandled, mistreated and physically abused by unknown and unidentified officers, guards and agents" of the defendants.

Count II, captioned "negligence", charges lack of due care in the supervision of Lockaby and in the selection of personnel entrusted with the care and custody of persons imprisoned in the Wayne County Jail.

Count III, captioned "maintenance of a dangerous and/or defective condition in a public building", charges that such conditions existed because of defendants' failure to pad cells in the "mental" section or provide adequate supervision and care.

Count IV alleges failure to use due care in transporting Lockaby to the hospital and the use of excessive force in placing him in the motor vehicle in violation of the motor vehicle exception to the governmental tort liability act.[5]

Count V charges the city and hospital with negligence and failure to provide safe and adequate facilities.

The trial judge dismissed the amended complaint. Counts I, II and V were dismissed on the

---

The county shall never be responsible for his acts, except that the board of supervisors may protect him against claims by prisoners for unintentional injuries received while in his custody. He shall not hold any other office except in civil defense." Const 1963, art 7, § 6.

[4] MCL 51.70; MSA 5.863.

[5] MCL 691.1405; MSA 3.996(105).

grounds stated in dismissing the original complaint. Count III was dismissed on the ground that no *structural* defect in a public building was pleaded. Count IV was dismissed because the trial judge concluded the alleged negligence did not occur in the course of the operation of a motor vehicle.

The Court of Appeals affirmed; one judge dissented on the ground that Count III should not have been dismissed.

II

The disposition of this case is controlled by our recent decisions.

Lockaby's complaint states a claim upon which relief can be granted against the City of Detroit and Detroit General Hospital. In *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), this Court held that the operation of a general hospital is not a governmental function and that a city which owns and operates a general hospital may not claim governmental immunity.

Lockaby's complaint states a claim against Wayne County under the public buildings exception to the governmental tort liability act.[6] In providing this exception to governmental immunity "the Legislature intended to protect the general public from injury by imposing upon governmental agencies the duty to maintain *safe public*

[6] "Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition." MCL 691.1406; MSA 3.996(106).

*places". Pichette v Manistique Public Schools,* 403
Mich 268, 285; 269 NW2d 143 (1978). "[T]he ques-
tion whether a part of a building, in this case a
[jail cell], is dangerous or defective is to be deter-
mined in light of the 'uses or activities' for which
it is 'specifically assigned,' in this case a" cell for
mental cases. *Bush v Oscoda Area Schools,* 405
Mich 716, 731; 275 NW2d 268 (1979).

Lockaby's claim that the county failed to "use
due care and caution when transporting plaintiff
from the Wayne County Jail in a motor vehicle to
Detroit General Hospital" states a claim for negli-
gent operation of a motor vehicle within that
exception to the governmental tort liability act.

Lockaby also claims that he was intentionally
injured by agents of the county. While the county
is constitutionally immune from "responsib[ility]"
for the sheriff's "acts"[7] that immunity does not
extend to the acts of others in its employ. In
*McCann v Michigan,* 398 Mich 65; 247 NW2d 521
(1976), in separate opinions, a majority of the
Court agreed that an intentional tort was not in
the exercise or discharge of a governmental func-
tion; the cause was remanded, as it is here, for
further proceedings.

Although the sheriff may not be held "responsi-
ble for the acts, defaults and misconduct in office
of any deputy sheriff",[8] he is responsible for his
own personal acts of negligence and may be re-
sponsible under the doctrine of *respondeat supe-
rior* for the tortious acts of employees who are not
deputies.

The jail administrator has no statutory immu-
nity, and is responsible for his own personal acts
of negligence.

---

[7] Const 1963, art 7, § 6.
[8] MCL 51.70; MSA 5.863.

While the governmental tort liability act does not provide any immunity to governmental officials, the common law has recognized that governmental officials have a limited immunity. The cause has not been tried; decision on whether there is immunity should be deferred.

We reverse and remand for trial.

KAVANAGH and FITZGERALD, JJ., concurred with LEVIN, J.

COLEMAN, C.J. *(concurring in part; dissenting in part)*. Count I of the plaintiff's amended complaint, entitled "Intentional Infliction of Injury", alleges that

"[W]hile under the custody and control of the defendants County of Wayne, through its governing body, the Wayne County Board of Commissioners, William Lucas, and Frank Wilkerson, plaintiff was assaulted, intentionally mishandled, mistreated and physically abused by unknown and unidentified officers, guards and agents of the aforementioned defendants, using excessive and unnecessary force."

These allegations state a claim in avoidance of governmental immunity against the named defendants. Liberally construed and viewed in the light most favorable to the plaintiff, they make out a possible case of intentionally tortious acts committed by agents of the defendants, thus potentially not within "the exercise or discharge of a governmental function".

I further agree with Justice WILLIAMS and would reinstate Count I.

Count II of the plaintiff's amended complaint, entitled "Negligence", alleges that

"[S]aid defendants, having designated plaintiff as a 'mental' case, failed to take reasonable and necessary steps to insure that plaintiff would not injure himself or others, and failed to exercise due care and caution while plaintiff remained under their care and custody. Defendants were further negligent and lacking in due care and diligence in the selection of personnel entrusted with the care and custody of persons imprisoned in the Wayne County Jail, and of plaintiff in particular."

These allegations, which involve ordinary claims of negligence, do not state a claim in avoidance of governmental immunity against any of the defendants. The operation and maintenance of a jail is a governmental function, and the immunity statute, MCL 691.1407; MSA 3.996(107), provides legislatively mandated immunity for negligence occurring in the exercise or discharge of such functions. Thus, the county is immune. In addition, as noted by Justice MOODY in his opinion in the case at bar, the county's officers and employees, while acting in the scope of their employment operating and maintaining a jail, are likewise immune. No cause of action against defendants is stated in Count II.

Count III of the plaintiff's amended complaint, entitled "Maintenance of a Dangerous and/or Defective Condition in a Public Building", alleges that the defendants violated MCL 691.1406; MSA 3.996(106), which states, *inter alia:*

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to

remedy the condition or to take action reasonably necessary to protect the public against the condition."

The alleged violations were that the defendants failed to

"a) * * * provide even minimum psychiatric assistance and care to those persons confined in the Wayne County Jail;

"b) * * * provide padded cells or other protection for those prisoners designated as 'mental';

"c) * * * adequately supervise 'mental' prisoners to assure their and others safety;

"d) * * * provide adequate and reasonable medical care."

Subsections a, c and d all clearly sound in ordinary negligence and therefore do not, for the reasons discussed above with respect to Count II, state a claim in avoidance of governmental immunity against any of the defendants. Subsection b, although mentioning the words "padded cells", also sounds in nothing more than ordinary negligence. The fact that agents of the defendants may have negligently placed the plaintiff in a cell which was not designed or equipped to handle disturbed individuals does not make the cell itself defective or dangerous. As stated by Justice RYAN in his dissenting opinion in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), "logic compels the conclusion that a building [or cell] is to be used in accordance with the purpose for which it was designed and constructed and that while the failure to do that may amount to negligence on the part of the user, it surely does not constitute the building defective".

Count IV of the plaintiff's amended complaint,

not titled by the plaintiff, alleges a cause of action and should be reinstated for trial.

Count V of the plaintiff's amended complaint, also untitled, alleges that the city defendants, the City of Detroit and Detroit General Hospital, violated MCL 691.1406; MSA 3.996(106), the defective building statute quoted above (in connection with the discussion of Count III), and also violated MCL 691.1413; MSA 3.996(113), which states, *inter alia:*

> "The immunity of the state shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as herein defined. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the state, excluding, however, any activity normally supported by taxes or fees."

Count V of plaintiff's amended complaint must be reinstated as the result of the majority opinion in *Parker v City of Highland Park,* 404 Mich 183; 273 NW2d 413 (1978) (RYAN, WILLIAMS and COLEMAN, JJ., dissented), in which it was determined that a city which owns and operates a general hospital may not claim governmental immunity.

Counts I, IV, and V should be reinstated and remanded for trial. The remaining counts should be dismissed, as ordered by the trial judge.

RYAN, J., concurred with COLEMAN, C.J.

WILLIAMS, J. *(concurring in part, dissenting in part).* I concur in Justice LEVIN'S opinion to the extent that it finds the building exception to governmental immunity applicable, *Pichette v Manistique Public Schools,* 403 Mich 268, 285; 269 NW2d 143 (1978), and the appropriate test under that exception to be the one set forth in *Bush v Oscoda*

*Area Schools,* 405 Mich 716, 731; 275 NW2d 268 (1979). Therefore, I agree to reinstatement of Count III of plaintiff's complaint.

I also concur in Justice Levin's finding that the motor vehicle exception to governmental immunity applies to Count IV of plaintiff's complaint and therefore that count should be reinstated.

Additionally, I concur in reinstatement of Count V of plaintiff's complaint charging the city and hospital with negligence. While I personally would not favor reinstatement and, in fact, signed the dissent of Justice Ryan in *Parker v Highland Park,* 404 Mich 183, 202; 273 NW2d 413 (1978), four Justices of this Court, in two opinions in *Parker,* did find that a city which owns and operates a general hospital may not claim governmental immunity.

As to Count I, I concur in the result advanced in Justice Levin's opinion but I would add a caveat. Count I is captioned "Intentional Infliction of Injury." The opinion, citing *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976), states that "a majority of the Court agreed that an intentional tort was not in the exercise or discharge of a governmental function". The statement is not incorrect as explaining the ultimate holding under the facts of *McCann,* but I do not read *McCann* as authority for the broad proposition that intended conduct which harms another is never protected by governmental immunity. A tort is a civil wrong and conduct which is wrong within one setting can be permissible within another. For example, a police officer may not intentionally strike a citizen peacefully walking down the street, but his duty may require the police officer to intentionally strike another citizen to prevent him from murdering a third peaceful citizen. Further, *McCann*

clearly sets limits that the conduct must be without and not within the scope of the exercise and discharge of a governmental function. As stated in my sole opinion in *McCann,* it is the *ultra vires* activities of public employees which are not protected by the doctrine of governmental immunity.

While Count I is not well pleaded with respect to *McCann,* because I find that *ultra vires* conduct may be possibly proven, within the inartful language, I concur with Justice LEVIN that it was erroneously dismissed.

Finally, I must dissent to reinstatement of Count II. That count is captioned "Negligence", and pleads negligent conduct occurring within the jail. Maintaining a jail is a governmental function and negligent discharge of a governmental function is not excepted from governmental immunity.

Therefore, I would reinstate plaintiff's Counts I, III, IV and V, and remand for trial.


BLAIR MOODY, JR., J. *(concurring in part; dissenting in part).* I concur in part with Justice LEVIN's opinion. Count V of plaintiff's complaint states a claim upon which relief may be granted against the City of Detroit and Detroit General Hospital. See *Parker v Highland Park,* 404 Mich 183, 196; 273 NW2d 413 (1978) (BLAIR MOODY, JR., J., concurring).

Further, a claim is stated in Count IV against the defendant vehicle owner where plaintiff asserts that employees of a governmental agency negligently operated a government-owned motor vehicle. MCL 691.1405; MSA 3.996(105). The pleadings state a claim in avoidance of immunity. Whether the facts, once developed, will demonstrate negligent *operation* of a government-owned

motor vehicle must be left to the further proceedings on remand.

Count III also states a claim against the County of Wayne under the public building exception to the governmental tort liability act. MCL 691.1406; MSA 3.996(106).

However, plaintiff fails to state a cause of action against the defendants under Count II of his complaint. The operation of a county jail is essentially a governmental function. The county is, therefore, immune under this claim. See *Parker, supra; Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). In addition, the officers and employees of the county, while acting within the scope of their employment maintaining a jail, primarily are performing essential public duties. Thus, they are immune from alleged negligent actions or selection of personnel. See *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979).

Finally, in Count I, plaintiff has properly pled a cause of action for intentional infliction of injury by unknown officers against the defendant Wayne County. However, no intentional acts were alleged to have been committed or condoned by the sheriff or jail administrator. Accordingly, I would reinstate plaintiff's Counts I, III, IV and V pursuant to this opinion and remand for trial.