## GRAVES v WAYNE COUNTY

Docket No. 61532. Submitted December 21, 1982, at Detroit.—Decided March 9, 1983. Leave to appeal applied for.

Christopher Graves filed suit against the Wayne County Sheriff's Department and Robert Russo in Wayne Circuit Court, alleging that Russo, a Wayne County deputy sheriff, while off duty, knocked plaintiff to the ground and attempted to place plaintiff under arrest after the two were involved in a personal dispute. Plaintiff retreated and Russo shot him in the back with his service revolver. Plaintiff is paralyzed as a result of the shooting. Plaintiff amended his complaint, dropping the sheriff's department as a defendant, adding Wayne County as a defendant, and correcting Russo's name to Joseph Russo instead of Robert Russo. Plaintiff's complaint was amended two more times, adding Wayne County Sheriff William Lucas as a defendant, dropping all mention of an arrest, and claiming that Russo committed an intentional tort against plaintiff. The trial court, Harold M. Ryan, J., granted a motion by Wayne County for summary judgment for failure to state a claim against it on the ground of governmental immunity. Wayne County Sheriff William Lucas was thereafter dismissed as a party defendant by stipulation of the parties. Plaintiff appeals by leave granted the trial court's order granting Wayne County's motion for summary judgment. *Held:*

1. Summary judgment in favor of Wayne County was inappropriate. The commission of an intentional tort, as alleged by plaintiff, is not in the exercise of or discharge of a governmental function. Furthermore, a governmental agency may be liable under the doctrine of *respondeat superior* for an agent's

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleadings §§ 230, 231.

[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27, 31.

[4, 5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 243.

[6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 79.

[7-9] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 88, 90.

[10] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 247.

intentional misconduct. Plaintiff's complaint averred that Russo's shooting was an intentional tort against plaintiff and that Russo fired the shot under apparent authority as a Wayne County deputy sheriff. Plaintiff alleged a cause of action sufficient to withstand summary judgment.

2. The Michigan Constitution does not exempt the county from liability for a deputy sheriff's wrongs alleged under the doctrine of *respondeat superior.*

Reversed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — CAUSE OF ACTION — PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that the complaint fails to state a cause of action is to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES.

Governmental agencies are immune from tort liability by statute if the activity complained of was in the exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — CAUSE OF ACTION — PLEADINGS.

A complaint against a governmental entity must plead facts in avoidance of governmental immunity to state an actionable claim.

4. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS — POLICE DEPARTMENTS.

The management, operation, and control of a police department is a governmental function within the meaning of the governmental tort liability act (MCL 691.1407; MSA 3.996[107]).

5. GOVERNMENTAL IMMUNITY — ARREST — GOVERNMENTAL FUNCTION.

The act of a policeman in making an arrest is an activity in the exercise or discharge of a governmental function for purposes of the governmental tort liability act (MCL 691.1407; MSA 3.996[107]).

6. GOVERNMENTAL IMMUNITY — INTENTIONAL TORTS.

The commission of an intentional tort is not in the exercise or discharge of a governmental function within the meaning of

the governmental tort liability act (MCL 691.1407; MSA 3.996[107]).

7. GOVERNMENTAL IMMUNITY — GOVERNMENTAL AGENCIES — INTENTIONAL MISCONDUCT — *RESPONDEAT SUPERIOR.*

A governmental agency may be liable under the doctrine of *respondeat superior* for an agent's intentional misconduct.

8. MASTER AND SERVANT — *RESPONDEAT SUPERIOR* — TORTS — VICARIOUS LIABILITY.

Under the doctrine of *respondeat superior* the employer is liable for the acts of his employee when the employee is acting within the apparent scope of his authority, even though acting contrary to instructions, and the employer is not able to instruct his employee only to act within the confines of the law, thereby insulating himself from vicarious liability if the employee acts otherwise.

9. TORTS — GOVERNMENTAL AGENCIES — *RESPONDEAT SUPERIOR* — QUESTION OF FACT.

Whether an agent of a governmental entity alleged to be liable under a *respondeat superior* theory has acted within his or her apparent authority is a question of fact.

10. CONSTITUTIONAL LAW — SHERIFFS AND CONSTABLES — COUNTIES — VICARIOUS LIABILITY — DEPUTY SHERIFFS — *RESPONDEAT SUPERIOR.*

The Michigan Constitution exempts counties from any vicarious liability arising from acts of the county sheriffs but does not exempt the counties from liability for a deputy sheriff's alleged wrongs under the doctrine of *respondeat superior* (Const 1963, art 7, § 6).

*Lipton, Papista, Cohen & Alli, P.C.* (by *Shoms Alli*), for plaintiff.

*George H. Cross,* Corporation Counsel, and *Dean Koulouras,* Assistant Corporation Counsel, for defendants.

Before: V. J. BRENNAN, P.J., and M. J. KELLY and J. M. GRAVES, JR.,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

J. M. GRAVES, JR., J. Plaintiff appeals by leave granted by this Court on February 23, 1982, the trial court's November 23, 1981, order granting defendant Wayne County's motion for summary judgment. Plaintiff filed his original complaint in the Wayne County Circuit Court on May 22, 1981, against the Wayne County Sheriff's Department and Robert Russo. Plaintiff alleged that Russo, a Wayne County deputy sheriff, while off duty, was at the Village Place Restaurant in Southgate with plaintiff's girlfriend on November 10, 1980, at about 3 a.m. When plaintiff saw the two together in the restaurant, he became upset. After an argument at Russo's car, Russo knocked plaintiff to the ground and attempted to place plaintiff under arrest. While plaintiff was retreating, Russo shot plaintiff in the back with his service revolver, with the result that plaintiff is paralyzed.

Plaintiff also alleged that Russo had a known propensity and history for violence and temper flare-ups. The complaint further averred that the Wayne County Sheriff's Department had a rule requiring their deputies to wear their service revolvers 24 hours a day. Consequently, according to plaintiff, when defendant Russo shot plaintiff, he acted under the authority of the sheriff's department and the doctrine of *respondeat superior* applied.

Plaintiff filed a first amended complaint on June 1, 1981, correcting defendant Robert Russo's name to Joseph Russo. The parties also stipulated to the dismissal of the Wayne County Sheriff's Department and the addition of Wayne County as a party defendant. After plaintiff filed a second amended complaint, the parties stipulated to plaintiff's filing a third amended complaint which removed any mention of an arrest and claimed that defendant Russo committed an intentional tort against plain-

tiff. Defendant Wayne County filed a motion for summary judgment pursuant to GCR 1963, 117.2(1). The trial court granted the motion for summary judgment as to Wayne County on the basis of governmental immunity. Subsequent to the issuance of the summary judgment, the parties stipulated to the dismissal of Wayne County Sheriff William Lucas as a party defendant.

The standard governing this Court's review of a grant or denial of a motion for summary judgment based on GCR 1963, 117.2(1) is well-settled. The motion is to be tested by the pleadings alone. The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied. *Partrich v Muscat,* 84 Mich App 724, 729-730; 270 NW2d 506 (1978). The Court, in applying these standards to the pleadings in the present case, finds that summary judgment under rule 117.2(1) was inappropriate.

Governmental agencies are immune from tort liability by statute if the activity complained of was in the exercise or discharge of a governmental function. MCL 691.1407; MSA 3.996(107). If a plaintiff is to state an actionable claim against a governmental entity, the plaintiff must plead facts in the complaint in avoidance of governmental immunity. *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521 (1976), opinion of Ryan, J.; *Lockaby v Wayne County,* 406 Mich 65; 276 NW2d 1 (1979). This Court holds that the management, operation, and control of a police department is a governmen-

tal function within the meaning of the statute. *Trezzi v Detroit,* 120 Mich App 506; 328 NW2d 70 (1982); *Berger v City of Berkley,* 87 Mich App 361, 368; 275 NW2d 2 (1978), *lv den* 406 Mich 969 (1979). Furthermore, the act of a policeman in making an arrest is an activity in the exercise or discharge of a governmental function. *Lee v City of Utica,* 83 Mich App 679; 269 NW2d 267 (1978). Nevertheless, the commission of an intentional tort is not in the exercise or discharge of a governmental function. *Lockaby, supra,* pp 77, 78, 84; *Willis v Ed Hudson Towing, Inc,* 109 Mich App 344, 351; 311 NW2d 776 (1981). This Court holds that a governmental agency may be liable under the doctrine of *respondeat superior* for an agent's intentional misconduct. *McCann, supra; Gaston v Becker,* 111 Mich App 692, 700; 314 NW2d 728 (1981). In *McCann,* p 71, in the opinion by KAVANAGH, C.J., the Court said:

"Under the doctrine of *respondeat superior* there is no liability on the part of an employer for torts committed by an employee beyond the scope of the employer's business. *Bradley v Stevens,* 329 Mich 556, 562; 46 NW2d 382 (1951). The employer is liable, however, for the acts of his employee when the employee is acting within the scope of his authority, even though acting contrary to instructions. *Poledna v Bendix Aviation Corp,* 360 Mich 129; 103 NW2d 789 (1960). The employer is also liable for the torts of his employee if 'the servant purported to act or to speak on behalf of the principal and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation'. 1 Restatement Agency, 2d, § 219(2)(d), p 481. Of course, the employer is not able to instruct his employee only to act within the confines of the law, thereby insulating him from vicarious liability if the employee acts otherwise. *Anschutz v Liquor Control Comm,* 343 Mich 630; 73 NW2d 533

(1955). See, also, *Barnes v Mitchell,* 341 Mich 7; 67 NW2d 208 (1954)."

Whether an agent of a governmental entity alleged to be liable under a *respondeat superior* theory has acted within his or her apparent authority is a question of fact. *McCann,* pp 72, 81; see *Gaston, supra,* p 701.

In the case at bar, plaintiff's third amended complaint averred that Russo's shooting was an intentional tort against plaintiff and that Russo fired the shot under apparent authority as a Wayne County deputy sheriff. The third amended complaint deleted any allegations that Russo was attempting to arrest plaintiff. Thus, under the rules and standards articulated in *Partrich, supra,* plaintiff alleged a cause of action sufficient to withstand summary judgment.

We further hold that Const 1963, art 7, § 6 does not exempt the county from liability for a deputy sheriff's alleged wrongs under the doctrine of *respondeat superior.* This section of the Michigan Constitution only exempts a county from any vicarious liability arising from acts of the county sheriff, not deputy sheriffs. In *Lockaby, supra,* p 77, while not directly addressing this issue, the Court said "[w]hile the county is constitutionally immune from 'responsib[ility]' for the sheriff's 'acts' that immunity does not extend to the acts of others in its employ". (Footnote omitted.) All seven justices of the *Lockaby* Court held that count I of Lockaby's complaint should be reinstated against defendant Wayne County. Count I alleged an intentional tort perpetrated against plaintiff by "unknown and unidentified officers, guards, and agents" of the defendant Wayne County Sheriff's Department. Thus, *Lockaby* strongly implies that

while the aforementioned constitutional exemption applies to acts of the sheriff, it does not apply to the acts of deputy sheriffs or other employees of the sheriff.

Reversed.