772 F.2d 906
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MUSLIM HARITH FATIN, PLAINTIFF-APPELLANT,
v.
PERRY JOHNSON; DALE FOLTZ; OFFICER BRADSHAW, RESIDENT UNIT
MANAGER; OFFICER TRAMS, ASSISTANT RESIDENT UNIT
MANAGER; ALL OF THE MICHIGAN DEPARTMENT
OF CORRECTIONS, DEFENDANTS-APPELLEES.
 NO. 84-1826
 United States Court of Appeals, Sixth Circuit.
 8/12/85
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: ENGEL and MERRITT, Circuit Judges; and GIBBONS, District Judge.*
 
 
 3
 Fatin appeals pro se from the district court's judgment dismissing Fatin's civil rights complaint. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Fatin is a prisoner at the State Prison of Southern Michigan. He alleges that prison officials seized some of his property as contraband and intentionally destroyed it without following prison regulations. He filed suit in the Michigan Court of Claims, but the suit was dismissed on the basis of governmental immunity. He filed the present suit alleging that his due process rights were violated.
 
 
 5
 In Parratt v. Taylor, 451 U.S. 527, 540-1 (1981), the Supreme Court held that a prisoner cannot recover for the negligent loss of his property if there is an adequate state remedy available. In Hudson v. Palmer, ---- U.S. ----, 104 S.Ct. 3194 (1984), the Supreme Court held that the rule in Parratt also applied to intentional torts. Hudson also discussed common law remedies available against prison officials who commit intentional torts. The Court noted that in Virginia officials are not immune from suit based on their intentional torts.
 
 
 6
 Although the Michigan Court of Claims found that Fatin's suit against the state was barred by governmental immunity, we find that Fatin had another adequate remedy available to him. Michigan also holds that governmental immunity is not available to a governmental official who commits intentional torts. Lockaby v. Wayne County, 406 Mich. 65, 77 (1979). Therefore, Fatin could have filed a suit in the Michigan courts of general jurisdiction against the prison officials and received an adequate remedy. The holding of Hudson on this point controls our decision in this case.
 
 
 7
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Julia Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation