829 F.2d 1125
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Muhammad ABDUR-RAHMAN, Plaintiff-Appellant,
v.
Elain MOSER; W. Osborne, Defendants-Appellees.
 No. 86-2132
 United States Court of Appeals, Sixth Circuit.
 September 24, 1987.
 
 ORDER
 Before ENGEL, MERRITT and RYAN, Circuit Judges.
 
 
 1
 This appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff fails to allege any interference with his right to access to the courts in his complaint, although he alleges a violation of his first amendment rights in a conclusory manner. Clearly, a prisoner's right of access to the courts is vital. Bounds v. Smith, 430 U.S. 817 (1977). However, plaintiff has failed to show how the alleged confiscation of his unspecified legal materials in his cell actually impeded any pending legal action or potential action. Thus, plaintiff has not substantiated a constitutional claim merely because he may have been deprived of legal materials. See Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985).
 
 
 3
 Next, plaintiff has not stated a claim based upon a taking of his property in violation of procedural due process because an adequate state remedy exists. Hudson v. Palmer, 468 U.S. 517 (1984). Although plaintiff contends that defendants would be afforded immunity under state law, governmental immunity is not available to officials who commit intentional torts under Michigan law. Lockaby v. Wayne County, 406 Mich. 65, 77, 276 N.W.2d 1, 3 (1979). Hence, plaintiff could file suit in state court and receive an absolute remedy, and plaintiff's Sec. 1983 action is barred under Hudson.
 
 
 4
 Upon consideration, we affirm the judgment of the district court for these reasons and for the reasons stated in its order of dismissal entered November 17, 1986. Rule 9(b)(5), Rules of the Sixth Circuit.