HOEPPNER v DEPARTMENT OF LABOR

Docket No. 51160. Submitted December 9, 1980, at Lansing.—Decided March 4, 1981. Leave to appeal applied for.

R. Lundberg, a safety officer with the Michigan Department of Labor, made a safety inspection of Brooks Wood Products, Inc., pursuant to the department's enforcement of the Michigan Occupational Safety and Health Act (OSHA) in the spring of 1978. In the summer of 1978, Lonnie L. Hoeppner, an employee of Brooks Wood Products, was injured when a sliver of wood caught his glove and drew his hand, arm and upper body into the resaw he was operating. Hoeppner commenced in the Court of Claims an action for damages against the Department of Labor and Lundberg alleging that his injuries were caused by reason of the defendants' negligence and/or willful and wanton negligence in failing to take appropriate corrective measures and in failing to increase inspections of the Brooks Wood Products facility. Defendants moved for summary judgment on the basis that the defendant department was engaged in a governmental function and, thus, was immune from tort liability. James T. Kallman, J., granted the motion for summary judgment in favor of defendant Department of Labor and dismissed the action against Lundberg, on agreement of the parties, on the basis that the Court of Claims lacked subject matter jurisdiction of the claim against Lundberg. Plaintiff appeals, arguing that defendant Department of Labor is liable for injuries resulting from the willful and wanton negligence of its employee, is liable to plaintiff for arbitrary and capricious failure to discharge its statutory duties with respect to the known workplace hazards, and was not engaged in a governmental function such as would give the department governmental immunity. *Held:*

1. A plant safety inspection undertaken by the Michigan Department of Labor pursuant to the Michigan Occupational Safety and Health Act is a governmental function. The Department of Labor, therefore, is clothed with governmental immu-

REFERENCES FOR POINTS IN HEADNOTES
[1] 63 Am Jur 2d, Public Officers and Employees § 288.
[2] 74 Am Jur 2d, Torts §§ 21, 22, 28.

nity with respect to activities undertaken with respect to such inspections.

2. Since plaintiff failed to plead either that defendant department undertook to commit an intentional act or with actual knowledge of a danger acted in intentional disregard of that danger, plaintiff failed to plead an intentional tort such as will avoid the defense of governmental immunity. Plaintiff's allegations of arbitrary and capricious acts and willful and wanton negligence are not sufficient to constitute a well-pleaded claim of an intentional tort.

Affirmed.

1. TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION — OSHA INSPECTIONS — STATUTES.

A plant inspection undertaken by an employee of the Michigan Department of Labor pursuant to the Michigan Occupational Safety and Health Act is a governmental function of the nature that the Department of Labor is clothed with governmental immunity with respect to activities arising out of such an inspection (MCL 691.1407; MSA 3.996[107]).

2. TORTS — INTENTIONAL TORTS — PLEADINGS.

A complaint alleging that a defendant's acts were arbitrary, capricious, negligent, and wantonly and willfully negligent does not constitute an allegation of an intentional tort where the complaint does not also allege an intentional act by the defendant or allege that the defendant had actual knowledge of a danger and acted in intentional disregard of that danger.

*Van Benschoten, Hulburt & Van Benschoten,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George H. Weller,* Assistant Attorney General, for defendant.

Before: T. M. BURNS, P.J., and ALLEN and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiff appeals the summary judgment entered in favor of defendants.

In the summer of 1978, plaintiff, an employee of Brooks Wood Products, Inc., in Mio, Michigan, was

injured while operating a resaw. The accident occurred when the glove of plaintiff's left hand became caught on a sliver of a wood board causing his left hand, arm and upper body to be drawn into the feeding device of the machine.

Plaintiff commenced in the Court of Claims an action for damages against the Michigan Department of Labor and R. Lundberg, a safety officer for the department. Pursuant to the department's enforcement of the Michigan Occupational Safety and Health Act (hereinafter OSHA), MCL 408.1029; MSA 17.50(29), Lundberg had conducted a safety inspection of the Brooks Wood Products facility on March 24, 1978. Plaintiff claimed that his injuries were caused by defendants' negligent and/or wanton and willful negligence in failing to take appropriate corrective measures and in failing to increase inspections of the Brooks Wood Products facility.

Defendant Department of Labor moved for summary judgment under GCR 1963, 117.2(1) on the basis that the department was engaged in a governmental function and thereby was immune from tort liability. The court granted that defendant's motion, and, on agreement of the parties, the case against Lundberg was dismissed for lack of jurisdiction.

The central issue on appeal is whether an OSHA inspection of a business premises is a governmental function. We hold that it is.

A governmental agency is immune from tort liability under the following statutory provision:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not

be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed." MCL 691.1407; MSA 3.996(107).

In *Parker v Highland Park,* 404 Mich 183, 200; 273 NW2d 413 (1978), Justice MOODY outlined the dispositive test in determining a "governmental function":

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry *whether the purpose, planning and carrying out of the activity,* due to its unique character or governmental mandate, *can be effectively accomplished only by the government.* Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." (Emphasis supplied.)

The purpose of OSHA is set forth in MCL 408.1009; MSA 17.50(9):

"The safety, health and general welfare of employees are primary public concerns. The legislature hereby declares that *all employees* shall be provided safe and healthful work environments free of recognized hazards." (Emphasis supplied.)

Further, the statute provides that it *"shall* apply to *all* places of employment in the state" with but two exceptions that are inapplicable here. (Emphasis supplied.) MCL 408.1002; MSA 17.50(2).

A review of the legislative history of the Federal Occupational Safety and Health Act, 29 USC 651

*et seq.,* also reveals the broad purpose underlying this legislation:

"Although many employers in all industries have demonstrated an exemplary degree of concern for health and safety in the workplace, their efforts are too often undercut by those who are not so concerned. Moreover, the fact is that many employers—particularly smaller ones—simply cannot make the necessary investment in health and safety, and survive competitively, unless all are compelled to do so. The competitive disadvantage of the more conscientious employer is especially evident where there is a long period between exposure to a hazard and manifestation of an illness. In such instances a particular employer has no economic incentive to invest in current precautions, not even in the reduction of workmen's compensation costs, because he will seldom have to pay for the consequences of his own neglect." [1970] US Code Cong & Ad News 5180.

Although safety inspections can be and are made by private insurance companies and other organizations in the private sector, only the government can effectively accomplish the goal of the Michigan Occupational Safety and Health Act to provide a safe workplace for *all* employees in this state. For this reason the Legislature has mandated that the government play a pervasive role in this area. We conclude, therefore, that an OSHA safety inspection by the Department of Labor is a governmental function and defendant department is immune from tort liability for this activity. See *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980), which held that the operation of a public school is a governmental function.

Finally, we reject plaintiff's contention that the complaint contained allegations of an intentional tort. Our review of the complaint reveals allega-

tions that defendants were arbitrary, capricious, negligent, and wantonly and willfully negligent. Plaintiff failed to allege an intentional act and did not claim that defendants had actual knowledge of the dangers and acted in intentional disregard of them, as in *Shunk v Michigan,* 97 Mich App 626; 296 NW2d 129 (1980).

The trial court properly granted defendant Department of Labor's motion for summary judgment. Affirmed.