SMITH v MIMNAUGH

Docket No. 49788. Submitted December 16, 1980, at Detroit.—Decided April 8, 1981. Leave to appeal applied for.

Karen Smith, as next friend of Gentry Smith, brought an action in the Oakland Circuit Court against James Mimnaugh and others, including the Northville Public School District, for damages for injuries sustained when Gentry was struck by an automobile while crossing a street on his way to an elementary school in the Northville School District. The school district provided one crossing guard at that crossing, and Karen Smith alleged that the school district was negligent in failing to provide sufficient crossing guards or an overhead crosswalk at that crossing. The trial court, Steven N. Andrews, J., granted summary judgment for the school district based on governmental immunity. Plaintiff appeals. *Held:*

The tortious activity alleged against the school district, failure to provide sufficient crossing guards and an overhead crosswalk, falls squarely within the parameters of the operation of a public school. The operation of a public school is a governmental function and a governmental agency so engaged is immune from tort liability.

Affirmed.

SCHOOLS — GOVERNMENTAL IMMUNITY — TORTS — STATUTES.

The operation of a public school is a governmental function and a governmental agency so engaged is immune from tort liability (MCL 691.1407; MSA 3.996[107]).

REFERENCES FOR POINTS IN HEADNOTE

[1] 57 Am Jur 2d, Municipal, School and State Tort Liability §§ 11, 16-19, 73, 74.

Tort liability of public schools and institutions of higher learning for educational malpractice. 1 ALR4th 1139.

Tort liability of public schools and institutions of higher learning for injuries resulting from lack or insufficiency of supervision. 38 ALR3d 830.

Modern status of doctrine of sovereign immunity as applied to public schools and instutitions of higher learning. 33 ALR3d 703.

Tort liability of public schools and institutions of higher learning. 86 ALR2d 489.

*Liss & Liss, P.C.,* for plaintiff.

*Buchanan, Oane & Jinks, P.C.* (by *Dennis D. Alberts),* for defendant Northville Public School District.

Before: CYNAR, P.J., and BASHARA and BEASLEY, JJ.

BASHARA, J. Five-year-old Gentry Smith was struck by an automobile as he was crossing a street on his way to Amerman Elementary School in the Northville School District. The school is located at the intersection of Eight Mile and Sheldon Roads. As young Gentry attempted to cross Eight Mile Road near its intersection with Sheldon, he was struck by an automobile traveling easterly on Eight Mile.

The defendant school district provided one crossing guard at the intersection. There was no pedestrian overpass at the site. Plaintiff Karen Smith filed this lawsuit on behalf of her son, Gentry, in the Oakland County Circuit Court. The complaint alleged *inter alia* that the school district negligently failed to provide sufficient crossing guards or an overhead crosswalk at the intersection.

The trial court granted the defendant school district's motion for summary judgment on the basis of the governmental immunity statute, MCL 691.1407; MSA 3.996(107).

The sole issue plaintiff presents in this appeal is whether the trial court erred in granting summary judgment to the school district on the basis of governmental immunity. We hold that it did not.

The question of whether the day-to-day operation of a school is a governmental function has been the subject of intense judicial scrutiny in

Michigan. In *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), the Supreme Court specifically abrogated the common-law doctrine of governmental immunity. Justices KAVANAGH, LEVIN and FITZGERALD indicated that the common-law principles of governmental immunity should no longer apply to school boards. Later, in *Galli v Kirkeby,* 398 Mich 527, 531; 248 NW2d 149 (1976), the same trio categorically and succinctly stated: "The day-to-day operation of a school is not a governmental function".

The Court's subsequent position in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), sheds light on the positions of the other four Justices. Justice LEVIN, writing for himself and Justices KAVANAGH and FITZGERALD, conceded the position represented by the three of them did not command the concurrence of the majority of the Court. *Id.,* 727-728.

Chief Justice COLEMAN and Justices WILLIAMS and RYAN, having already held that governmental immunity attaches to the operation of public schools in *Pittman v City of Taylor, supra,* and *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), agreed with Justice LEVIN's assessment. Justice MOODY did not participate in *Pittman* or *Pichette.* However, he, too, concurred in Justice LEVIN's statement that the "KAVANAGH, LEVIN, FITZGERALD view" did not claim a majority of the Court.

Furthermore, the case of *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980), is an excellent analysis, applying Justice MOODY's holding in *Parker v City of Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), to a case involving govern-

mental immunity in the operation of a public school.

The *Deaner* Court reasoned that:

"Operation of a public school presents factors similar to those relied on by Justice MOODY to distinguish mental hospitals from general hospitals. The government plays a pervasive role in the area of education, appropriating substantial state funds to that field and declaring education as a public policy. See Const 1963, art 8, §§ 1 & 2. The number of private schools is inadequate to meet the educational needs of the public. Finally, while private schools exist to educate some students, the provision of a free and universal education is a uniquely governmental function. Therefore, we would find that the trial court was correct in granting summary judgment to the school district based on governmental immunity." 99 Mich App 103, 108.

The tortious activity alleged against the defendant school district, failure to provide sufficient crossing guards and an overhead crosswalk, falls squarely within the parameters of the operation of a public school. Section 1276 of the School Code of 1976, MCL 380.1276; MSA 15.41276, provides:

"The board of a school district or a local act school district may acquire by purchase or lease or may construct pedestrian overpasses for the safe conduct of pupils en route to and from school. * * *"

We hold that defendant Northville Public School District was engaged in the exercise or discharge of a governmental function. Summary judgment was properly granted.

Affirmed, no costs, a public question being involved.