BOKANO v WAYNE-WESTLAND COMMUNITY SCHOOLS

Docket No. 54072. Submitted October 8, 1981, at Detroit.—Decided March 4, 1982. Leave to appeal applied for.

Plaintiff, Linda Bokano, was injured in a power press accident at L & W Engineering. Plaintiff was a student in Wayne-Westland Community Schools and had secured the job at L & W Engineering through the "work experience program" administered by the work studies coordinator of the school system. Persons in the work experience program, unlike those in the work study and cooperative job placement programs, do not receive school credit for their work experience. The purpose of the work experience program is remuneration and work experience with a coincidental learning purpose. Plaintiff brought an action in Wayne Circuit Court against Wayne-Westland alleging that defendant was negligent in placing plaintiff in that job. Defendant moved for summary judgment on the basis of governmental immunity. Charles S. Farmer, J., granted defendant's motion. Plaintiff appeals. *Held:*

While the day-to-day services provided by teachers and other public school employees constitute a governmental function, a school system is clothed with governmental immunity only when the particular activity giving rise to the tort claim is itself a governmental function. Since job placement under the work experience program is not a function unique in its character or required by governmental mandate so that it can only be effectively accomplished by the government, it is not a governmental function clothed with governmental immunity. The

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 5.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 38.
   Modern status of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.
[3, 6] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 73 *et seq.*
[4] 57 Am Jur 2d, Municipal, School and State Tort Liability § 11.
[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27, 28.

trial court erred in granting defendant's motion for summary judgment.

Reversed.

DANHOF, C.J., dissented. He would hold that if a governmental agency is performing a governmental function and the particular function at issue is related to that governmental function the agency is clothed with governmental immunity. He would find that defendant was immune and would affirm the trial court's grant of summary judgment.

### OPINION OF THE COURT

1. SCHOOLS — PUBLIC SCHOOLS — GOVERNMENTAL FUNCTION.

The day-to-day services provided by teachers and other employees of public schools constitute a governmental function.

2. SCHOOLS — PUBLIC SCHOOLS — GOVERNMENTAL IMMUNITY.

The determination of whether a public school has governmental immunity focuses on the question of whether the particular activity causing the injury which gave rise to the tort claim against the school is a governmental function and is to be found by an inquiry as to whether the purpose, planning and carrying out of that particular activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government.

3. SCHOOLS — PUBLIC SCHOOLS — JOB PLACEMENT SERVICE — GOVERNMENTAL IMMUNITY.

A job placement service operated by a public school system to the extent that the job placements are not part of a work study or cooperative education program run by the school system is not a governmental function which is clothed with governmental immunity.

### DISSENT BY DANHOF, C.J.

4. SCHOOLS — PUBLIC SCHOOLS — GOVERNMENTAL FUNCTION — GOVERNMENTAL IMMUNITY.

*Operation of a public school district is a governmental function entitled to governmental immunity.*

5. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

*Governmental immunity should be available to a governmental agency where it is determined that such agency is engaged in a governmental function entitled to immunity and the particular activity at issue is related to the agency's governmental function.*

6. SCHOOLS — WORK EXPERIENCE PROGRAM — GOVERNMENTAL FUNC-
   TION — GOVERNMENTAL IMMUNITY.

   *A work experience program which is part of the curriculum of a
   public school district and is supervised by an employee of the
   district is part of the day-to-day operation of a school and is
   related to the school district's governmental function such as to
   clothe such activities with governmental immunity.*

*Goodman, Eden, Millender & Bedrosian,* for
plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.,* and *Gromek, Bendure & Thomas,* of counsel,
for defendant.

Before: DANHOF, C.J., and D. F. WALSH and D. C.
RILEY, JJ.

PER CURIAM. Plaintiff brought this action
against defendant to recover for injuries suffered
in a power press accident at L & W Engineering.
The trial court granted summary judgment, GCR
1963, 117.2(1), for the defendant on the basis of
governmental immunity.

In her complaint, plaintiff alleges that defen-
dant's agent was negligent in sending her to L &
W Engineering for a part-time job without ade-
quately investigating the work conditions, safety
procedures, job difficulty and new employee train-
ing program.

Plaintiff was, at the time of the accident, a
student in the defendant school. She has a low IQ
and was 18 years of age when she was injured.
Prior to the accident, plaintiff had used the assis-
tance of defendant's work studies coordinator to
obtain employment in a nursing home and later in
a city recreation department. Plaintiff received
school credit for her work at these previous jobs
but not the one at L & W Engineering. Plaintiff
was not in a "work study" or a "cooperative" job

placement program when defendant's agent found her employment with L & W Engineering.[1] Instead, she was in an employment program made available by defendant called the "work experience program".[2] The purpose of this type of employment was remuneration and work experience with a coincidental learning purpose.

The issue on appeal is whether a school district is engaged in the exercise of a governmental function, for purposes of governmental immunity, when it assists students in finding jobs when the primary purpose of these jobs is not a learning experience.

The starting point, for any inquiry into whether a defendant is governmentally immune, is two Supreme Court cases decided in 1978. *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978). *Parker* involved

---

[1] Cooperative programs are offered to regular students or students who have a class related to the job. Work study is specifically for special education students. It relates a job to a course of study taken by the special education student.

[2] "Work Experience Programs refers to the organizational structure within the school whereby any student within the school's jurisdiction can work on a released-time basis. The student may be an English major, science major, or business education major for it is a 'general' education program, of these work experience programs are of three main types *[sic]:*

"MONEY—The student is working to earn money. This income may be the only way that the student can stay in school.

"GENERAL EDUCATION—The mere fact that the student is working will permit some coincidental learning to take place. He will acquire work attitudes and habits, and gain social values appropriate to the business community but no organized instruction will take place to assure that he does. The student is left to the vagaries of the work station. Most often there is no related class but the student may have released time from school and receive school credit. It is also clear, however, that the student does gain some 'work experience' from such a program.

"REDUCE DROP-OUTS—Some students may be motivated by working to remain in school." Berkta Deposition, Exhibit 1D, entitled "Cooperative Occupational Programs versus Work Experience Programs."

the operation of a municipal general hospital and *Perry* involved the operation of a state mental hospital. Applying the "of essence to governing" test, Justices KAVANAGH, FITZGERALD and LEVIN found the operation of both a municipal general hospital *(Parker)* and a state mental hospital *(Perry)* not to be a governmental function and therefore not entitled to tort immunity. 404 Mich 183, 194-195, 404 Mich 205, 215.

Justices WILLIAMS, COLEMAN and RYAN, on the other hand, adhered to the traditional "common good of all" test for identifying a governmental function and found the operation of each hospital to be a governmental function and therefore entitled to immunity. 404 Mich 183, 204, 404 Mich 205, 213.

The deciding vote in each case was cast by Justice MOODY, who found the operation of a municipal general hospital *not* to be a governmental function but the operation of a state mental hospital *to be* a governmental function. 404 Mich 183, 202, 404 Mich 205, 213.

Justice MOODY proposed a "can it be *effectively* accomplished only by government" test. *Feliciano v Dep't of Natural Resources,* 97 Mich App 101, 105; 293 NW2d 732 (1980). In *Parker,* Justice MOODY stated:

"[A]s a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." 404 Mich 183, 200.

We note that Justice Moody's decisions and his test have been analyzed by this Court many times. *Churilla v East Detroit School Dist,* 105 Mich App 32; 306 NW2d 381 (1981), *Hoeppner v Dep't of Labor,* 104 Mich App 334; 304 NW2d 841 (1981), *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980).

First we must determine, by reference to the degree of government involvement in education, whether the function in question is uniquely served by government. In this regard, it is noteworthy that, of more than 2 million students enrolled in primary and secondary schools in Michigan, more than 90% are enrolled in public schools. Michigan Nonpublic Schools Educational Statistics, Michigan Department of Education, 1978-1979, p 1. It is readily apparent that the number of public schools far exceeds the number of private schools. *Cf. Parker, supra,* 201, fn 4. It is equally clear that the number of private schools available to deal with the educational needs of the public is inadequate. See *Perry, supra,* 214. This factor then weighs on the side of immunity for schools.

Turning to the question of public versus private fiscal involvement in the public schools, it should be noted that the Michigan Constitution mandates establishment of "a system of *free* public elementary and secondary schools". (Emphasis added.) Const 1963, art 8, § 2. As a result, the public schools are funded virtually exclusively out of public funds. The fiscal involvement factor clearly indicates that public schools are a governmental function.

We conclude that the day-to-day services provided by teachers and other school employees represent a governmental function. Indeed, in three

post-*Parker-Perry* cases, this Court has held that public schools have governmental immunity. *Smith v Mimnaugh,* 105 Mich App 209; 306 NW2d 454 (1981) (school district immune from liability for failure to provide a safe means of crossing a busy street near the school), *Churilla, supra* (school district immune for an injury suffered during practice sessions of the school football team), and *Deaner, supra* (school district immune for an injury suffered while wrestling during a physical education class).

Plaintiff in this case argues that it is not enough that the day-to-day operation of a public school is a government function but that the particular activity out of which the injury allegedly arose must be examined and found to be a government function. We agree. This Court must focus on the activity which gave rise to the injury and not just the governmental agency involved. As Justice MOODY stated, "the crux of governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the *activity,* due to its unique character or governmental mandate, can be effectively accomplished only by government". *Parker, supra,* 200. (Emphasis added.)

In *Churchwell v Regents of University of Michigan,* 97 Mich App 463; 296 NW2d 75 (1980), the plaintiff brought a malpractice action against University Hospital. The Court rejected the claim of immunity and said "we must focus on the precise operation sought to be held immune rather than overall or principal departmental operations". *Id.,* 469.

In this case, we do not pass on whether a school district is immune when a student involved in a work study or cooperative program is injured on

the job. We focus narrowly on the activity of the defendant, that is, placing students in jobs which do not directly relate to their studies and which have the primary purpose of allowing students to earn money.

The defendant was acting as an employment referral agency. Aiding individuals in finding a job is an activity that is extensively done by private business. Naturally, every job which a school-age individual works in will impart directly or indirectly some useful learning experience. This coincidental learning is insufficient to transform the job placement activity into a governmental function.

Therefore, in this instance, we conclude that the school district is not governmentally immune from suit and the trial court erred in granting a summary judgment in favor of defendant.

Reversed. No costs, statutory interpretation being involved.

DANHOF, C.J. *(dissenting)*. I respectfully dissent.

Operation of a public school district is a governmental function entitled to governmental immunity. *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), *Churilla v East Detroit School Dist,* 105 Mich App 32; 306 NW2d 381 (1981), *Smith v Mimnaugh,* 105 Mich App 209; 306 NW2d 454 (1981), *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980). Thus, I have no problem with the majority opinion to the extent that it concludes that the day-to-day services provided by teachers and other school employees represent a governmental function.

However, I do not agree with the majority's interpretation of Justice MOODY's statement that "the crux of the governmental essence test should be founded upon the inquiry whether the purpose,

planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government". I do not believe that Justice MOODY was using the term "activity" to mean that once having concluded that a particular governmental function is immune we must then go on to scrutinize every aspect (or activity) of the governmental agency performing that function to see if the particular activity at issue, in turn, can withstand scrutiny and be classified as a governmental function. I would submit that were such a test to be applied almost any activity carried out by an otherwise immune governmental agency could be atomized to the point that the particular activity at issue would not be immune.

This is not to say that I would necessarily apply an all-or-nothing approach to the doctrine of governmental immunity. Rather, in analyzing governmental immunity issues I would first look to the question whether the governmental agency is engaged in a governmental function entitled to immunity. See, for example, *Rubino v Sterling Heights,* 94 Mich App 494; 290 NW2d 43 (1979), *Berkowski v Hall,* 91 Mich App 1; 282 NW2d 813 (1979). If this is answered affirmatively, I would then look to whether the particular activity at issue is related to the governmental function. If it is, immunity is warranted. See, for example, *Rouse v Michigan,* 109 Mich App 21; 311 NW2d 144 (1981), *McIntosh, supra, Churilla, supra.* It would be an unusual set of facts where a particular activity carried out by an agency engaged in performing a governmental function would not be related to the governmental function.

The "work experience program" involved in the instant case is part of the school's curriculum and

supervised by the work studies coordinator. It is part of the day-to-day operation of a school and related to the school district's governmental function. The school district having determined that this program has educational value, I would find the school district entitled to immunity.