BELMONT v FOREST HILLS PUBLIC SCHOOLS

Docket No. 53112. Submitted December 7, 1981, at Grand Rapids.—
    Decided April 6, 1982. Leave to appeal applied for.

David Belmont, an eighth-grade student at Forest Hills Junior
    High School, sustained a serious eye injury when he was struck
    in the eye by a chalkboard eraser that had been thrown across
    the room by another student. No teacher or other staff member
    was present at the time. Jacqueline Belmont, as next friend of
    David Belmont, and Kenneth Belmont brought suit in Kent
    Circuit Court against the students involved in the incident,
    their fathers, the principal, and Forest Hills Public Schools,
    alleging negligent supervision and that the classroom was
    unsafe. All the defendants except Forest Hills Public Schools
    were dismissed from the case upon stipulation. The court,
    George R. Cook, J., granted summary judgment to defendant
    school district on the basis of governmental immunity. The
    plaintiffs appeal alleging that the operation of a public school is
    not a governmental function within the meaning of the govern-
    mental immunity statute and that issues of material fact exist
    precluding summary judgment based on the public building
    exception to governmental immunity. *Held:*

    1. Because the plaintiffs' claim of negligent supervision is as
    to the operation of a public school, the trial court properly
    disposed of that claim by granting summary judgment to the
    defendant school district on the basis of governmental immu-
    nity.

    2. The trial court did not err when it granted the defendant

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 73.
    Modern status of doctrine of sovereign immunity as applied to
        public schools and institutions of higher learning. 33 ALR3d 703.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 47 Am Jur 2d, Jury §§ 15, 16.
[4-7] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 145,
    150-155.
    Tort liability of public schools and institutions of higher learning
        for accidents due to condition of buildings or equipment. 34
        ALR3d 1166.

summary judgment. The public building exception to governmental immunity is not applicable. The classroom was a public place which was being used as a homeroom for the students. The classroom was fit for use as a homeroom and was not dangerous or defective. The danger in this case arose from the fact that a group of eighth-grade students were left unsupervised and not from any condition of the classroom.

Affirmed.

T. M. BURNS, P.J., dissented. He believes that the question of whether safety devices should have been designed and utilized to attach chalkboard erasers to the chalkboard was a question of material fact that should have been left to the trier of fact. He would reverse and remand the case for a trial.

### OPINION OF THE COURT

1. SCHOOLS — GOVERNMENTAL IMMUNITY — TORTS — STATUTES.

   The operation of a public school is a governmental function and a governmental agency so engaged is immune from tort liability (MCL 691.1407; MSA 3.996[107]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENTS — ISSUE OF MATERAL FACT — COURT RULES.

   A motion for summary judgment on the ground that there is no genuine issue as to any material fact tests whether there is factual support for a claim and is to be tested by the pleadings, affidavits, depositions, admissions and other documentary evidence available to the court and is properly granted only where it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

3. JURY — ISSUE OF MATERIAL FACT.

   A material fact is an ultimate fact issue upon which a jury's verdict must be based.

4. STATES — GOVERNMENTAL TORT LIABILITY ACT — DEFECTIVE BUILDINGS.

   Governmental agencies are subject to liability for a dangerous or defective condition of a public building without regard to whether it arises out of a failure to repair and maintain; a building may be dangerous or defective because of improper design, faulty construction, or the absence of safety devices (MCL 691.1406; MSA 3.996[106]).

5. STATES — DEFECTIVE PUBLIC BUILDINGS — GOVERNMENTAL IMMUNITY — PUBLIC PLACE.

   The defective public buildings exception to governmental immu-

nity should not depend on whether the instrumentality causing an injury is a fixture or a structural part of a public building, but rather on whether the injury occurred in a public place and whether such place was fit for its assigned and intended use (MCL 691.1406; MSA 3.996[106]).

DISSENT BY T. M. BURNS, P.J.

6. STATES — GOVERNMENTAL TORT LIABILITY ACT — DEFECTIVE BUILD-
   INGS.

    *Injuries resulting from a defective or dangerous condition of a public building do give rise to a cause of action against the governmental agency charged with the obligation to repair and maintain that public building (MCL 691.1406; MSA 3.996[106]).*

7. STATES — GOVERNMENTAL TORT LIABILITY ACT — DEFECTIVE BUILD-
   INGS.

    *It is for a trier of fact to determine whether a building or room is defective in fact and, if so, whether the defect was the cause of the plaintiff's injuries for purposes of applying the defective public building exception to governmental immunity (MCL 691.1406; MSA 3.996[106]).*

*Varnum, Riddering; Wierengo & Christenson* (by *Thomas J. Mulder* and *Richard W. Butler, Jr.*), for plaintiffs.

*Nelson & Kreuger,* for defendant Forest Hills Public Schools.

Before: T. M. BURNS, P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiffs appeal by leave granted from a Kent County Circuit Court order granting summary judgment, GCR 1963, 117.2(3), to defendant Forest Hills Public Schools on the basis of governmental immunity, MCL 691.1407; MSA 3.996(107).

On October 24, 1974, David Belmont, then an eighth-grade student at Forest Hills Junior High School, sustained a serious eye injury when he was

struck in the eye by a chalkboard eraser that had been thrown across the room by another student. The incident occurred at about 8 a.m., while the students were in their homeroom. No teacher or other staff member was present at the time.

In their complaint, plaintiffs alleged that Forest Hills Public Schools had been negligent in failing to supervise the classroom properly and that the classroom was unsafe, in violation of MCL 691.1406; MSA 3.996(106), the public building exception to governmental immunity, because it lacked safety devices for attaching chalkboard erasers to the chalkboards.

The defendant school district moved for summary judgment, GCR 1963, 117.2(3), claiming that there was no genuine issue as to any material fact and that it was therefore entitled to judgment as a matter of law pursuant to the statute providing for governmental immunity, MCL 691.1407; MSA 3.996(107). The trial court granted the motion.

On appeal, plaintiffs argue that the operation of a public school is not a governmental function within the meaning of the statute providing for governmental immunity, MCL 691.1407; MSA 3.996(107). In recent decisions, this Court has consistently held that the operation of a public school is a governmental function. *Everhart v Board of Education of Roseville Community Schools,* 108 Mich App 218, 221; 310 NW2d 338 (1981), *Smith v Mimnaugh,* 105 Mich App 209, 212; 306 NW2d 454 (1981), *Churilla v School Dist for City of East Detroit,* 105 Mich App 32, 35; 306 NW2d 381 (1981), *Deaner v Utica Community School Dist,* 99 Mich App 103, 108; 297 NW2d 625 (1980). Because plaintiffs' claim of negligent supervision is as to the operation of a public school, the trial court properly disposed of that claim by granting sum-

mary judgment to defendant school district on the basis of governmental immunity.

Plaintiffs also argue that issues of material fact exist precluding summary judgment on plaintiffs' claim under the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106). GCR 1963, 117.2(3) allows a trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based upon GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence available to it. *Id.,* 730. The courts are liberal in finding that a genuine issue of fact does exist. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). The court will give the benefit of any reasonable doubt to the opposing party and the court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Id.,* 372. A material fact is an ultimate fact issue upon which a jury's verdict must be based. *Partrich, supra,* 730, fn 3.

The building exception to the statute providing for governmental immunity, MCL 691.1406; MSA 3.996(106), reads in pertinent part:

"Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous or defective condition of a public building if the governmental agency had actual

or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition."

The interpretation of this exception has undergone recent revision by the Michigan Supreme Court.

In *Pichette v Manistique Public Schools,* 403 Mich 268; 269 NW2d 143 (1978), the plaintiff was injured when using a slide in the defendant's schoolyard. The Supreme Court held that MCL 691.1406; MSA 3.996(106) imposed a duty upon governmental agencies to maintain safe public places. *Id.,* 285. Although the slide itself was not a public building or in a public building, the Court ruled that the plaintiff had stated a cause of action under the building exception to the statute providing for governmental immunity. *Id.,* 285.

The Supreme Court further expanded the defective building exception in *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979). In *Bush,* a student was injured when a gas burner exploded in a classroom which was being used as a temporary science laboratory. The plaintiff argued that the improper design of the classroom and absence of safety devices rendered it unsafe as a science classroom. Agreeing with the plaintiff, the Supreme Court held that a building may be dangerous or defective because of improper design, faulty construction or the absence of safety devices. *Id.,* 370. The Court went on to state that the question of whether a part of a building is dangerous or defective was to be determined in light of the uses or activities for which it is specifically assigned. *Id.,* 731. The Court held that the trier of fact should determine whether the room was defective when used as a physical science classroom

and, if so, whether the defect was a cause of plaintiff's injuries. *Id.,* 732.

Finally, in *Vargo v Svitchan,* 100 Mich App 809; 301 NW2d 1 (1980), *lv gtd* 411 Mich 1035 (1981), the plaintiff was injured while lifting weights during a high school football summer camp. Interpreting the recent Supreme Court cases, this Court established a two-part inquiry to determine the applicability of the defective building exception. First, the injury must occur in a public place. Second, it must be determined if the public place was fit for its assigned and intended use. *Id.,* 821. Applying this standard, the Court found that the weightroom where plaintiff was injured did not qualify as a defective building under the statute. *Id.,* 822.

Plaintiffs' minor son, David Belmont, was injured when one of his schoolmates hit him in the eye with a chalkboard eraser while they were in a classroom. The classroom was a public place which was being used as a homeroom for the students. The classroom was fit for use as a homeroom and was not dangerous or defective. The danger in this case arose from the fact that a group of eighth-grade students were left unsupervised and not from any condition of the classroom. The trial court did not err when it granted defendant's motion for summary judgment.

Affirmed.


R. B. Burns, J., concurred.


T. M. Burns, P.J. *(dissenting).* Respectfully, I dissent. Injuries resulting from a defective or dangerous condition of a public building do give rise to a cause of action against the governmental agency charged with the obligation to repair and maintain

that public building. MCL 691.1406; MSA 3.996(106). In *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), the Supreme Court held that a school district may be liable under this statute for the dangerous or defective condition of a building on account of improper design, faulty construction or the absence of safety devices. It is for a trier of fact to determine whether a building or room is defective in fact and, if so, whether the defect was the cause of the plaintiff's injuries. *Id.*

Plaintiffs argue that the injuries sustained in this case were the result of a defect in the design of a classroom. Specifically, plaintiffs claim that the injuries were a direct result of the failure of the defendant school to provide safety devices for attaching chalkboard erasers to the chalkboards in the classroom. Whether such safety devices should have been designed and utilized is a question of fact. Many persons reasonably may contend that the absence of such safety devices does not give rise to a cause of action. However, it was inappropriate for the trial judge to decide this question on a motion for summary judgment. The motion involved a question of material fact that should have been left to the jury.

I dissent and would reverse and remand this cause for a trial.