PRELESNIK v ESQUINA

Docket No. 67303. Submitted June 15, 1983, at Lansing.—Decided February 21, 1984.

Defendant Leonard Esquina, Jr., investigated a complaint by a prison employee at the State Prison of Southern Michigan pursuant to his position as Legislative Corrections Ombudsman for the State of Michigan. The complaint alleged that inmates and staff members abused incoming inmates who were being processed at the Reception and Guidance Center by making sexual demands on them and by engaging in drug trafficking. Mr. Esquina was authorized pursuant to statute to investigate such complaints and to make reports on behalf of defendant the Legislative Council of the State of Michigan. Thereafter, Mr. Esquina submitted a report dated August 10, 1979. Plaintiffs, John Prelesnik, Superintendent of the Reception and Guidance Center at the prison, and others, then brought an action in the Michigan Court of Claims against the defendants claiming that Mr. Esquina intentionally libeled the plaintiffs and negligently performed tasks assigned to Mr. Esquina resulting in a report which was inaccurate and which thereby defamed the plaintiffs. In the complaint, plaintiff Prelesnik argued that defendant Esquina's conclusions inhibit his chance for a promotion in the prison system and that he was not given an opportunity to address matters asserted by defendant Esquina prior to defendant Esquina's submission of his report to the Legislative Council and other officials. The defendants then filed a motion for summary judgment claiming plaintiffs failed

REFERENCES FOR POINTS IN HEADNOTES

[1, 4, 5] 1 Am Jur 2d, Administrative Law § 85 *et seq.*
   2 Am Jur 2d, Administrative Law § 256.
[2, 4, 5] 16 Am Jur 2d, Constitutional Law § 305.
   16A Am Jur 2d, Constitutional Law § 525.
[3] 16 Am Jur 2d, Constitutional Law § 318 *et seq.*
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 97.
[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 99.
[6, 8] 61A Am Jur 2d, Pleading § 230 *et seq.*
[7] 61A Am Jur 2d, Pleading §§ 71-73
[8] 61A Am Jur 2d, Pleading § 4 *et seq.*

to state a claim upon which relief could be granted due to governmental immunity and absolute privilege from libel actions and due to immunity based on the Speech or Debate Clause of the Michigan Constitution. The trial court, Jack W. Warren, J., thereafter filed an order of dismissal which granted a summary judgment to the defendants based on the Speech or Debate Clause of the constitution but denied the part of defendants' motion for summary judgment based on the theory of governmental immunity and absolute privilege from libel actions. Only plaintiff Prelesnik appeals from the dismissal of his cause of action as to Mr. Esquina. No challenge as to the dismissal of the cause of action against the Legislative Council is pursued. *Held:*

1. The trial court correctly ruled that defendant Esquina was immune from suit based upon the Speech or Debate Clause of the Michigan Constitution. The trial court correctly applied the concept of immunity based on the Speech or Debate Clause to the job responsibilities of defendant Esquina. Defendant Esquina's activities fall within the legislative sphere since it is clear that the statutory authority for the ombudsman job position is pertinent to legislative functions in that the act specifically creates a process for investigating the Department of Corrections.

2. The immunity umbrella provided by the Speech or Debate Clause is not so wide that it provides protection for intentional torts even though the alleged tort is committed while performing job-related activities, therefore, immunity would not apply to public distribution of Mr. Esquina's report by Mr. Esquina since such act would be outside the scope of his employment.

3. Mr. Prelesnik did not allege in his complaint that it was Mr. Esquina who released his report to the newspapers. Mr. Prelesnik did not amend the complaint or submit any affidavits to support his contention that it was Mr. Esquina who submitted the report to the newspapers. Therefore, Mr. Prelesnik did not preserve this argument in his pleadings and the trial court properly dismissed the cause of action for the reason that the opposing party had failed to state a claim upon which relief could be granted.

Affirmed.

1. ADMINISTRATIVE LAW — PRISONS AND PRISONERS — DEPARTMENT OF CORRECTIONS — LEGISLATIVE CORRECTIONS OMBUDSMAN.

The Legislative Corrections Ombudsman for the State of Michigan is authorized to investigate complaints regarding the Department of Corrections and to make reports of his findings on

behalf of the Legislative Council of the State of Michigan; the job position is pertinent to the legislative function of investigating the Department of Corrections (MCL 4.351 *et seq.;* MSA 2.139[1] *et seq.).*

2. CONSTITUTIONAL LAW — SPEECH OR DEBATE CLAUSE.

The Speech or Debate Clause of the Michigan and United States Constitutions should be read broadly to effectuate its purpose; one such purpose of the clause is to protect senators and representatives from the distractions and the loss of time, energy, and attention from their legislative tasks which would result if they were required to defend litigation (US Const, art I, § 6; Const 1963, art 4, § 11).

3. CONSTITUTIONAL LAW — LEGISLATURE — LEGISLATIVE SPHERE.

An activity may be determined to fall within the legislative sphere if it is an integral part of the deliberative and communicative processes by which members participate in committee and house proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the constitution places within the jurisdiction of either house.

4. CONSTITUTIONAL LAW — SPEECH OR DEBATE CLAUSE — IMMUNITY — LEGISLATIVE CORRECTIONS OMBUDSMAN.

The Speech or Debate Clause of the Michigan Constitution provides immunity for the Legislative Corrections Ombudsman in the performance of his job responsibilities; however, the immunity umbrella does not provide protection for intentional torts committed while performing job-related activities (Const 1963, art 4, § 11).

5. CONSTITUTIONAL LAW — SPEECH OR DEBATE CLAUSE — IMMUNITY — LEGISLATIVE CORRECTIONS OMBUDSMAN — REPORTS — PUBLIC DISTRIBUTION OF REPORTS.

The immunity based on the Speech or Debate Clause of the Michigan Constitution provided to the Legislative Corrections Ombudsman in the performance of the act of compiling a report pursuant to his statutory authority pertaining thereto does not apply to the public distribution of such a report since such public distribution is an act outside the scope of the ombudsman's employment.

6. MOTIONS AND ORDERS — SUMMARY JUDGMENT — CAUSE OF ACTION — PLEADING — COURT RULES.

A motion for summary judgment on the ground that the complaint fails to state a claim upon which relief can be granted is

to be tested by the pleadings alone and tests the legal basis of the complaint, not whether it can be factually supported; the factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged, and unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

7. PLEADING — STATEMENT OF CLAIM — COURT RULES.

The court rule regarding pleadings requires that a statement of a claim shall contain a statement of the facts without repetition upon which the pleader relies in stating his cause of action with such specific averments as are necessary reasonably to inform the adverse party of the nature of the cause he is called upon to defend (GCR 1963, 111.1[1]).

8. JUDGMENTS — MOTIONS AND ORDERS — SUMMARY JUDGMENT.

A party must do more than simply assert a conclusion in order to overcome a motion for summary judgment on the ground that the party's complaint fails to state a claim upon which relief can be granted, instead the pleadings must contain a sufficient factual allegation to uphold the conclusion that the party seeks to prove; matters upon information and belief and alleged common knowledge are not enough and the party must come forward with at least some evidentiary proof, some statement of specific fact upon which to base his claim (GCR 1963, 117.2[1]).

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Thomas A. Bengtson),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Arthur E. D'Hondt* and *Robert S. Welliver,* Assistants Attorney General, for defendant.

Before: M. J. KELLY, P.J., and SHEPHERD and R. I. COOPER,* JJ.

R. I. COOPER, J. Plaintiffs, John Prelesnik, Superintendent of the Reception and Guidance Center at

—————
* Circuit judge, sitting on the Court of Appeals by assignment.

the State Prison of Southern Michigan, and others, filed a fifteen-count complaint against defendants, Leonard Esquina, Jr., and the Legislative Council of the State of Michigan, on January 11, 1980, in the Michigan Court of Claims.

The complaint asserts that defendant Esquina intentionally libeled plaintiffs and that defendant Esquina negligently performed tasks assigned to him resulting in a report which was inaccurate and thereby defamed plaintiffs. Defendant Esquina investigated a complaint by a prison employee pursuant to his position as Legislative Corrections Ombudsman. The prison employee alleged that inmates and staff members abused incoming inmates who were being processed at the Reception and Guidance Center by making sexual demands on them and by engaging in drug trafficking. Pursuant to MCL 4.351 *et seq.;* MSA 2.139(1) *et seq.,* and MCL 4.352; MSA 2.139(2), Mr. Esquina was authorized to investigate such complaints and to make reports on behalf of the Legislative Council. Mr. Esquina submitted a report dated August 10, 1979. The report drew conclusions based upon his interviews with inmates, staff members, and the prison employee who submitted the original complaint. He concluded that abuses did exist and steps could be taken to alleviate the problem even though it would be doubtful that the abuses would be entirely eliminated. He characterized some of the abuses as being characteristic of all prisons and yet observed that steps could be taken to alleviate the situation at the Reception and Guidance Center.

Defendant Esquina does not specifically attack by name plaintiff John Prelesnik or the other plaintiffs who, for the most part, are inmates working as assistants to the prison staff and staff

members all assigned to the Reception and Guidance Center. In the complaint, plaintiff Prelesnik argues that defendant Esquina's conclusions inhibit his chance for promotion in the prison system and that he was not given an opportunity to address matters asserted by defendant Esquina prior to defendant Esquina's submitting his report to the Legislative Council and other officials.

On February 8, 1980, less than one month after plaintiffs filed their complaint, the defendants submitted a motion for summary judgment claiming plaintiffs failed to state a claim upon which relief can be granted due to the doctrine of sovereign immunity based on case law, legislative enactment pursuant to MCL 691.1407; MSA 3.996(107), and constitutional protections pursuant to art 4, § 11 of the 1963 Michigan Constitution. The motion for summary judgment was argued approximately 29 months after filing. On September 13, 1982, Judge Warren filed his opinion. On September 24, 1982, he filed his order of dismissal by which he made reference to oral arguments and subsequent briefs and determined that defendants Esquina and the Legislative Council had immunity due to the "Speech or Debate" Clause of the Michigan Constitution of 1963, art 4, § 11. A summary judgment was granted to that effect. However, he denied defendants Esquina and Legislative Council's theory and motion for summary judgment which claimed governmental and absolute privilege from libel actions.

On appeal, only plaintiff Prelesnik challenges the dismissal of the cause of action against defendant Esquina. No challenge as to the dismissal of the cause of action against the Legislative Council is pursued. It is clear that the trial court ruled correctly in its finding that defendant Esquina

would be immune from suit based upon the Speech or Debate Clause of the Michigan Constitution. The language of the Michigan Constitution is substantially similar to that utilized in the Constitution of the United States, *i.e.*:

"They [senators and representatives] shall not be questioned in any other place for any speech in either house." Const 1963, art 4, § 11.

"[A]nd for any Speech or Debate in either House, they [senators and representatives] shall not be questioned in any other Place." US Const, art I, § 6.

The case of *Eastland v United States Servicemen's Fund,* 421 US 491; 95 S Ct 1813; 44 L Ed 2d 324 (1975), states that the Speech or Debate Clause should be read broadly to effectuate its purpose and that one of the purposes of the clause was to protect members of Congress from the distractions and the loss of time, energy, and attention from their legislative tasks which would result if they were required to defend litigation. 421 US 503.

Next, it must be ascertained whether defendant Esquina's activities fall within the legislative sphere. An activity does fall within the legislative sphere if it is:

"[A]n integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Gravel v United States,* 408 US 606, 625; 92 S Ct 2614; 33 L Ed 2d 583 (1972).

It is clear that the statutory authority for the ombudsman job position is pertinent to legislative functions in that the act specifically creates a

process for investigating the Department of Corrections. MCL 4.351 *et seq.;* MSA 2.139(1) *et seq.* In conclusion, the trial court correctly applied the concept of immunity based upon the Speech or Debate Clause as applied to the job responsibilities of defendant Esquina.

However, the immunity umbrella is not so wide that it provides protection for intentional torts even though the alleged tort is committed while performing job-related activities. During the argument on the summary judgment motion, counsel for appellant argued that defendant Esquina turned copies of his report over to the press. Pursuant to *Doe v McMillan,* 412 US 306; 93 S Ct 2018; 36 L Ed 2d 912 (1973), although the act of compiling a report is subject to immunity under the Speech or Debate Clause, immunity would not apply to public distribution of such a report. In our present case, to turn the report over to the newspapers would have been an act outside the scope of defendant Esquina's employment. Thus, it is necessary to ascertain whether appellant successfully preserved this argument in his pleadings and thereby is entitled to a reversal of the order for summary judgment for the reason that he has not been allowed to pursue this assertion of fact. The present case presents the Court with a familiar dilemma in that it must consider the purpose of a motion for summary judgment, which is to allow matters to be resolved where there is a proper basis for dismissal, and yet not allow a situation where a motion is granted prematurely thereby cutting off a party's opportunity to pursue the litigation. The standard governing such a review is as follows:

"The motion is to be tested by the pleadings alone.

The motion tests the legal basis of the complaint, not whether it can be factually supported. The factual allegations of the complaint are taken as true, along with any inferences or conclusions which may fairly be drawn from the facts alleged. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion under this subrule should be denied." *Graves v Wayne County*, 124 Mich App 36, 40; 333 NW2d 740 (1983).

A careful review of appellant's complaint shows that appellant does not allege that it is defendant Esquina who released his report to the newspapers. Appellant, in his complaint, frequently utilizes the allegation that defendant Esquina published his report, but nowhere does he connect the word published to a newspaper. The complaint enumerates the persons to whom the defendant Esquina sent his report. The enumeration includes: "the Director of the Michigan Department of Corrections; the Warden of the State Prison of Southern Michigan; Members of the Michigan Legislative Corrections Ombudsman Subcommittee; Members of the Michigan Legislative Council; and others." The complaint then continues to state that the report appeared in newspaper articles published throughout the State of Michigan. Although it might be argued that the comment about the report appearing in the newspapers was intended to be connected with the "sent to others", the appellant nevertheless fails to assert that fact. Regarding the sufficiency of pleadings, GCR 1963, 111.1(1) requires that a statement of a claim shall contain

"a statement of the fact without repetition upon which the pleader relies in stating his cause of action with *such specific averments as are necessary reasonably to*

*inform the adverse party of the nature of the cause he is called upon to defend."* (Emphasis added.)

Appellant argued at the hearing on the motion for summary judgment and continues to argue on appeal that he does have a factual basis to pursue this assertion. However, it is also clear that he failed to support this conclusion with any specific facts at the hearing on the motion for summary judgment. Also, even though the case was nearly 30 months old at the time the motion for summary judgment was argued, appellant has never sought to amend his complaint nor to submit any additional affidavits to "specifically aver" the factual basis upon which his conclusion is reached that it was defendant Esquina who submitted the reports to the newspapers. It is not enough that a party simply asserts a conclusion. Instead there must be contained within the pleadings a sufficient factual allegation to uphold the conclusion that the party seeks to prove. As stated in *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965):

"Matters upon information and belief and alleged common knowledge are not enough. That party must come forward with at least some evidentiary proof, some statement of specific fact upon which to base his case. If he fails, the motion for summary judgment is properly granted." See also *Sievers v Beechcraft Mfg Co,* 497 F Supp 197 (ED La, 1980).

In the present case appellant has failed in this regard and the trial court properly dismissed the cause of action for the reason that the appellant failed to state a claim upon which relief can be granted.

Affirmed.