214 Mich. App. 268 (1995)
542 N.W.2d 354
In re DEPOSITION OF PRANGE (MICHIGAN EDUCATION SPECIAL SERVICES ASSOCIATION v. INSURANCE COMMISSIONER)
Docket No. 171303.
Michigan Court of Appeals.
Submitted September 20, 1994, at Lansing.
Decided November 14, 1995, at 9:10 A.M.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and R. John Wernet, Jr., Assistant Attorney General, for John Prange.
*270 Fraser Trebilcock Davis & Foster, P.C. (by Ronald R. Sutton and Brandon W. Zuk), for the Michigan Education Special Services Association.
Frank J. Kelley, Attorney General, Thomas L. Casey, Solicitor General, and William A. Chenoweth, Assistant Attorney General, for the Commissioner of Insurance, the Insurance Bureau, and the Department of Commerce.
Amicus Curiae:
Butzel Long (by James E. Stewart, Leonard M. Niehoff, and Robin K. Luce), for the Detroit News, Inc.
Before: MARILYN KELLY, P.J., and JANSEN and J.P. NOECKER,[*] JJ.

ON REMAND
JANSEN, J.
This case is before us pursuant to our Supreme Court's order remanding appellant John Prange's case for consideration as on leave granted. 444 Mich 907 (1993). Defendants have filed a cross appeal, raising issues related to a temporary restraining order prohibiting the release of information entered by the Ingham Circuit Court on October 7, 1993. We affirm in all respects.
Plaintiff, Michigan Education Special Services Association, is a nonprofit Michigan corporation that acts as a third-party administrator with respect to the Blue Cross/Blue Shield health plan administration of teachers belonging to the Michigan Education Association. Plaintiff filed suit *271 against defendants, the Insurance Commissioner, the Insurance Bureau, and the Department of Commerce, on October 7, 1993, alleging that an investigation started by the Insurance Bureau under the authority of the Insurance Commissioner was politically motivated. On that same day, the Ingham Circuit Court issued a temporary restraining order prohibiting the release of any information relating to the investigation.
Shortly thereafter, plaintiff began conducting depositions. Appellant John Prange, a legislative aide to Michigan State Senator Jack Welborn,[1] was one of those deposed. Many of the questions asked of Prange related to a press release issued by Senator Welborn's office announcing that plaintiff would soon be under investigation by the Insurance Bureau. Prange refused to divulge how Senator Welborn's office became aware of the pending investigation.
On November 1, 1993, plaintiff moved to compel discovery so that Prange would be forced to answer the questions that he had refused to answer. On November 8, 1993, the Ingham Circuit Court granted plaintiff's motion to compel discovery. The trial court found that the Speech or Debate Clause of the Michigan Constitution, Const 1963, art 4, § 11, did not afford a privilege to statements made by Senator Welborn to Prange regarding the insurance investigation.
At a hearing held on November 9, 1993, the trial court granted Prange's motion for a stay of the order compelling discovery so that he could request leave to appeal. The temporary restraining order, entered on October 7, 1993, was continued indefinitely. Prange filed his application for leave to appeal, which this Court, McDONALD, P.J., and *272 HOLBROOK, JR., and MURPHY, JJ., denied in an order dated December 3, 1993. (Docket No. 169881). However, our Supreme Court, on December 28, 1993, in lieu of granting leave to appeal, remanded Prange's case to this Court for consideration as on leave granted.
Appellant John Prange argues that the Speech or Debate Clause of the Michigan Constitution prohibits the trial court from ordering him to answer questions regarding the content of statements Senator Welborn made to him where the statements were made in the confines of the senator's office and have not been disclosed to the public. Prange argues that the information is privileged and that he cannot be compelled to divulge it.
The Speech or Debate Clause of the Michigan Constitution provides, in relevant part:
They [senators and representatives] shall not be questioned in any other place for any speech in either house.
In Prelesnik v Esquina, 132 Mich App 341; 347 NW2d 226 (1984), this Court held that the Speech or Debate Clause of the Michigan Constitution is substantially similar to the Speech or Debate Clause of the federal constitution, US Const, art I, § 6, which provides, in relevant part:
[A]nd for any Speech or Debate in either House, they [senators and representatives] shall not be questioned in any other Place.
This Court then looked to federal authority to determine the parameters of the protections afforded by the state version of the Speech or Debate Clause.
*273 The Speech or Debate Clause is to be read broadly to effectuate its purpose. Eastland v United States Servicemen's Fund, 421 US 491, 501; 95 S Ct 1813; 44 L Ed 2d 324 (1975). The purpose of the Speech or Debate Clause is to ensure that the legislative function the constitution allocates to Congress may be performed independently. Id., p 502. Further, the Speech or Debate Clause applies to legislative aides such as Prange. Gravel v United States, 408 US 606, 618; 92 S Ct 2614; 33 L Ed 2d 583 (1972).
The more difficult question in this case is whether the communication between Senator Welborn and Prange in the senator's private office can be considered to be conduct within the sphere of legitimate legislative activity. The United States Supreme Court has explained the scope of legislative activity:
Legislative acts are not all-encompassing. The heart of the Clause is speech or debate in either House. Insofar as the Clause is construed to reach other matters, they must be an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House.... [T]he courts have extended the privilege to matters beyond pure speech or debate in either House, but "only when necessary to prevent indirect impairment of such deliberations." [Id., p 625.]
The questions put to Prange were as follows:

Q. Did Senator Welborn tell you that he knew an investigation was going to commence soon?
* * *

*274 Q. Where did you hear that this investigation was about to commence?
A. I heard it from Senator Welborn.

Q. And did he indicate to you from where he heard it?
We hold that the Speech or Debate Clause of the Michigan Constitution does not apply because these questions do not concern matters within the legislative sphere. The information sought is related to the actions of an administrative agency, but not to any legislative activity in which Senator Welborn was involved. This information is simply not an integral part of the deliberative process by which members of the Legislature participate in committee and legislative proceedings relating to proposed legislation. Gravel, supra, p 625. The fact that Senator Welborn may have been involved in introducing legislation concerning public school districts and contracts for health care coverage does not mean that the specific questions asked of Prange were within the legislative sphere. The senator's telling his aide about the senator's knowledge regarding an administrative agency's investigation of plaintiff is not within the legislative sphere.
Moreover, the Speech or Debate Clause does not operate in the same manner as the attorney-client or physician-patient privileges. Thus, the mere fact that the discussion was between a state senator and his aide does not mean that the Speech or Debate Clause provides a protective cloak around that discussion. Rather, the Speech or Debate Clause is implicated when the conduct is within the sphere of legitimate legislative activity. Here, the conduct between Senator Welborn and Prange concerning Senator Welborn's source of information concerning the investigation is not within the legislative sphere.
*275 Accordingly, the trial court did not err in issuing an order compelling Prange to answer the questions at the deposition regarding Senator Welborn's source of information concerning the insurance investigation. The Speech or Debate Clause does not apply under these circumstances.
Next, defendants, as cross appellants, argue that the trial court abused its discretion in issuing and continuing the temporary restraining order prohibiting defendants from releasing information to the public relating to the investigation of plaintiff.
The trial court granted plaintiff's requested relief of a temporary restraining order on October 7, 1993. Show cause hearings were scheduled and adjourned several times before appellant Prange filed his application for leave to appeal on November 12, 1993. Although defendants attempted to raise this issue below, the trial court never made any findings or rulings, and no decision was ever rendered by the trial court concerning this issue now on appeal. Generally, this Court will not consider an issue that was not decided by the trial court. Smit v State Farm Mutual Automobile Ins Co, 207 Mich App 674, 685; 525 NW2d 528 (1994). This is especially so because we are unable to review the trial court's findings and reasons for issuing the temporary restraining order.
Further, to the extent that Judge Carolyn Stell, who took over the case from Judge James Giddings in February 1994, refused to hold a show cause hearing, we find no error. Once a claim of appeal is filed or leave to appeal is granted, the trial court may not set aside or amend an order appealed from except by order of this Court, by stipulation of the parties, or as otherwise provided by law. MCR 7.208(A). Thus, Judge Stell was without jurisdiction to rule on or otherwise amend the temporary restraining order because leave to appeal *276 had been granted pursuant to our Supreme Court's order. However, on remand, defendants may raise this issue in the trial court.
The decision of the trial court is affirmed. This case is remanded for further proceedings. We do not retain jurisdiction.
MARILYN KELLY, P.J., concurred.
J.P. NOECKER, J., did not participate.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] Mr. Welborn is no longer a member of the Michigan State Senate.